461 P.2d 921

STATE of New Mexico, Plaintiff-Appellee,
v.
Joseph TARTAGLIA, Defendant-Appellant.
No. 376.

Court of Appeals of New Mexico.
Nov. 7, 1969.

Turner W. Branch, Albuquerque, for appellant.

James A. Maloney, Atty. Gen., Santa Fe, Vince D'Angelo, Asst. Atty. Gen., for appellee.

## OPINION

WOOD, Judge.

Convicted of burglary, defendant appeals. He had been determined to be mentally incompetent to stand trial. The dispositive issue concerns a "redetermination" of mental competency to stand trial.

The applicable portion of § 41–13–3.1, N.M.S.A. 1953 (Repl.Vol. 6, Supp. 1969) reads:

"* * * When the determination is made that a defendant does not have mental capacity to stand trial, the court shall commit him to the New Mexico state hospital until such time as the court finds him to have mental capacity to stand trial. Defendants committed under this section shall be treated as other patients committed involuntarily to the New Mexico state hospital except that they may not be released from custody without an order of the court. Defendants committed under this section shall have the question of their mental capacity to stand trial redetermined by the court whenever the medical authorities of the New Mexico state hospital or any medical authority appointed by the court, report to the court that, in their opinion, the defendant in [is] mentally competent to stand trial."

After being indicted, defendant moved for a determination of his competency to stand trial. A hearing was held and defendant was found to be unable to cooperate with his counsel in defending against the burglary charge. On August 7th defendant was committed to the New Mexico State Hospital for an indeterminate period for observation and treatment.

According to testimony at the trial, the New Mexico State Hospital released defendant on December 6th, at which time "* * * he was transferred to the Bernalillo County Hospital or Bernalillo County jail. * * *" Under § 41–13–3.1, supra, the State Hospital was not to release defendant from its custody without an order of the court. No such order is in the record. The court's commitment ordered the State Hospital not to release defendant from its custody without the written consent of the District Attorney. We assume such a provision was substantial compliance with the statutory requirement of a court order. Nevertheless, the record does not show that the District Attorney ever consented to defendant's release.

On December 6th, defendant was released from the State Hospital. On the subsequent February 19th defendant moved for a judicial determination of his mental competency. The record does not show a disposition of this motion. Immediately before his trial on March 7th, defendant moved for a dismissal on the grounds that:

"* * * this man has been committed to the State Hospital and is not mentally competent to stand trial. There has never been any further determination of his competency to stand trial."

The following then occurred:

"THE COURT: Do you have anything to say about that?

"MR. SINGER: Yes, he was released from the State Hospital and I have a letter here saying that he is competent at this time to stand trial.

"THE COURT: Put a copy of it in the file—okay?

"MR. SINGER: All right.

"THE COURT: Here we go."

The case then proceeded to trial and defendant was convicted.

The letter to which the prosecutor [Mr. Singer] referred is not in the record and we do not know its contents. However, defendant concedes that the medical authorities did write the letter referred to by the prosecutor and that in that letter it was stated that defendant was mentally competent to stand trial. Further, defendant does not object to the fact that this letter went to the District Attorney rather than to the judge. See § 41–13–3.1, supra.

After a commitment to the State Hospital and a subsequent report by the proper medical authorities that defendant is mentally competent to stand trial, § 41–13–3.1, supra, requires that the "question" be redetermined. At such a point, there is a question before the court concerning defendant's competency to stand trial. Compare State v. Hollowell, 80 N.M. 756, 461 P. 2d 238 (Ct.App.), decided October 31, 1969; State v. Hovey, 80 N.M. 373, 456 P.2d 206 (Ct.App.1969).

If the question of defendant's mental capacity was redetermined it occurred during the above quoted portion of the record. Defendant contends this was not a redetermination as required by § 41–13–3.1, supra. The State contends the foregoing quotation shows the question of defendant's competency was necessarily determined.

Defendant could not be validly tried while mentally incompetent to stand trial. See State v. Guy, 79 N.M. 128, 440 P.2d 803 (Ct.App.1968). Thus, when the trial court proceeded to try defendant after the above quoted colloquy occurred, the trial court had, in effect, determined that defendant was mentally competent to stand trial. Compare State v. Roybal, 76 N.M. 337, 414 P.2d 850 (1966).

But on what basis was this redetermination made? All that we have is the prosecutor's statement that a letter declares defendant to be mentally competent. The letter is not in the record. The record does not show that the letter was admitted, or even offered as evidence. Nor does the record show that the letter was read by the judge.

We do not decide whether a trial court could properly redetermine a defendant's competency on the basis of evidence consisting of a report from the proper medical authorities when no objection is made to the report. We do hold that when there has been a prior judicial determination of a defendant's incapacity to be tried, a redetermination of mental capacity must be based on more than the prosecutor's interpretation of a report neither in evidence nor in the record.

The trial court's "necessary determination" of competency by proceeding to trial was erroneous because there was no basis for that determination.

The record shows that defendant was held to be mentally incompetent to stand trial; that he was committed to the State Hospital for observation and treatment; that he was released from the hospital in violation of § 41–13–3.1, supra, and the order of the court. Since there was no basis for determining that defendant was mentally competent to stand trial, the determination of mental incapacity to stand trial remains in effect. Being mentally incompetent to be tried, his trial and conviction is a nullity. See State v. Guy, supra.

The judgment and sentence are reversed. The cause is remanded to the trial court for further proceedings consistent with this opinion.

It is so ordered.

OMAN and HENDLEY, JJ., concur.