618 P.2d 1234

**STATE of New Mexico, Plaintiff–Appellee,**

v.

**Richard VALDEZ, Defendant–Appellant.**

**No. 12835.**

Supreme Court of New Mexico.

Sept. 15, 1980.

Martha A. Daly, Appellate Defender, Santa Fe, Roger Bargas, Albuquerque, for defendant–appellant.

Jeff Bingaman, Atty. Gen., Lawrence A. Barela, Asst. Atty. Gen., Santa Fe, for plaintiff–appellee.

## OPINION

PAYNE, Justice.

Richard Valdez was convicted of armed robbery. He appeals claiming that testimony by his former attorney was improperly excluded by the trial court. He further argues that a new trial should be granted because of the discovery of new evidence bearing on his case. We affirm.

While the defendant was in jail awaiting trial, he was approached by Garcia, a fellow inmate, who allegedly confessed to the robbery for which the defendant was charged. The defendant contacted his attorney, Alice Hector, the district public defender. At

defendant's suggestion she met with Garcia. Garcia was also a client of the public defender's office although he had only dealt with an attorney other than Hector. The other attorney was present at the meeting and warned Garcia that Hector was not his attorney and any statement Garcia made would be used at the defendant's trial and could be detrimental to his own interests. Garcia repeated his confession to Hector and indicated his willingness to testify on defendant's behalf.

At trial the defendant called Garcia as a witness, but Garcia had changed his mind about testifying and exercised his Fifth Amendment right refusing to testify. Hector, who was no longer representing the defendant, was called to testify concerning Garcia's confession to her. An objection was made to this testimony by Garcia's attorney on the grounds of the attorney–client privilege. The objection was sustained by the court and the testimony refused. The defendant took the witness stand and testified in his own behalf, but made no reference to Garcia or his alleged confession. The State presented testimony from four eyewitnesses, three of whom were positive the defendant was the man who committed the robbery, and the fourth was almost positive. During the investigation of the robbery these same eyewitnesses viewed a photographic array at the police department containing the picture of Garcia, but not one of the eyewitnesses selected his picture as one who had been involved in the robbery.

Before reaching the issue of whether Garcia's confession to Hector was protected by the attorney–client privilege, we must first determine if Hector can be considered Garcia's "attorney." We hold that she was.

■ Ms. Hector was the district public defender. She and her staff were required by statute to defend all indigent persons who were charged with a crime for which there is possible imprisonment. § 31–15–10 B, N.M.S.A. 1978. Richard Garcia was such a person. Although Ms. Hector was not directly involved in the representation of Garcia, her staff was, and all information obtained by them must be imputed to her. *See Allen v. District Court In and For Tenth Jud. Dist.*, 184 Colo. 202, 519 P.2d 351 (1974). Communications made to her by Garcia that meet the requirements of the attorney–client privilege are protected.

Rule 503(b) of the New Mexico Rules of Evidence sets forth the basic rule of the attorney–client privilege. To be privileged a communication must be:

confidential * * * [and] made for the purpose of facilitating the rendition of professional legal services to the client, (1) between himself or his representative and his lawyer or his lawyer's representative, or * * * (3) by him or his lawyer to a lawyer representing another in a matter of common interest, or * * * (5) between lawyers representing the client.

Having determined that the attorney–client relationship existed between Ms. Hector and Garcia, we further hold that there was sufficient evidence to support the trial court's determination that the communication was made to facilitate legal services to Garcia. The remaining question is whether the communication was confidential.

A communication is defined by Rule 503 as being confidential if it is "not intended to be disclosed to third persons other than those to whom disclosure is in furtherance of the rendition of professional legal services to the client or those reasonably necessary for the transmission of the communication." The idea of confidentiality as a requirement for the application of the privilege was explored and explained in Annot., 9 A.L.R.3d 1420, 1422 (1966). The annotation states:

In order that the rule as to privileged communications between attorney and client shall apply, it is necessary that the communication by the client to the attorney be confidential, and be intended as confidential. The communication must be made in confidence for the purposes of the relation of attorney and client. *If it appears from the nature of the transaction or communication that confidence was not contemplated and the communi-*

*cation was not regarded as confidential, then testimony of the attorney or client maybe compelled.* (Emphasis added and citation omitted.)

The defendant points to the confession Garcia purportedly made to him, prior to the meeting with Hector, and the presence of the other attorney in the meeting as possible factors that removed the confidential nature of the communication. We disagree. Clearly the presence of another attorney will not destroy the confidential nature of the communication. This is especially true when both attorneys, as in this case, are considered to be representing Garcia. The privilege would apply to both attorneys and would extend to any conversation between them. *See In re Felton,* 60 Idaho 540, 94 P.2d 166 (1939).

The communication to the defendant, however, was not protected by the attorney–client privilege. It was not made to an attorney or for the purpose of obtaining legal services. When the defendant took the stand he could have testified to all that Garcia told him, including the alleged confession. He chose not to do so. Even though a third party knows of certain facts and can testify concerning them, and even if they are public knowledge, it does not release the attorney to testify to those same facts if received in confidence. *See Emile Industries, Inc. v. Patentex, Inc.,* 478 F.2d 562 (2nd Cir. 1973). To hold otherwise would destroy the whole purpose of the attorney–client privilege, which is to facilitate full and free disclosure to one's counsel in order to insure adequate advice and proper defense.

The defendant also contends that Garcia did not intend the communications to be confidential and so the privilege should not apply. The testimony concerning Garcia's intentions at the time of the confession is conflicting. However, Garcia invoked the Fifth Amendment at trial. That is sufficient evidence to support the trial judge's determination that Garcia intended the conversation to be confidential. While the defendant was free to testify concerning the alleged confession, Hector was not, and the objection was proper.

The defendant's second claim, that a new trial is warranted because of newly discovered evidence, must also be denied. All of the evidence which defendant could present at a new trial was available at the first trial. Even if the defendant's claim that Garcia is not prepared to testify is true, he could add nothing to what defendant could have testified to in his original trial. It is not new evidence.

We affirm.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY, FEDERICI and FELTER, JJ., concur.