639 P.2d 1199
**Joseph M. JARAMILLO,
Petitioner-Appellant,**

v.

**Hon. James M. O'TOOLE, Magistrate, Division II of the Magistrate Court, in and for Bernalillo County, New Mexico, Respondent-Appellee.**

No. 13708.

Supreme Court of New Mexico.

Feb. 3, 1982.

David A. Grammer, III, Albuquerque, for petitioner-appellant.

Harold H. Parker, Angelo J. Jewell, Albuquerque, for respondent-appellee.

OPINION

EASLEY, Chief Justice.

Wil-Don Inc. sued Jaramillo in magistrate court, alleging breach of contract. The case was tried before a jury, which found in favor of Jaramillo. Wil-Don moved for judgment notwithstanding the verdict; the magistrate judge denied the motion and instead ordered a new trial. Jaramillo then sought a writ of prohibition from district court. The permanent writ was denied, and Jaramillo appeals the district court's decision. We reverse.

The issue is whether a magistrate court has jurisdiction to set aside a jury verdict.

Our Constitution empowered the Legislature to create a magistrate court with limited jurisdiction. N.M.Const., Art. VI, § 26 (reenacted 1966). The Legislature, accordingly, enacted 1968 N.M. Laws, ch. 62, § 3 as codified in Section 35-1-1, N.M.S.A.1978, which established magistrate courts as courts with limited original jurisdiction. "'[L]imited' jurisdiction indicates that a magistrate is without authority to take action unless the authority has been affirma-

**346**

tively granted." *State v. Vega*, 91 N.M. 22, 25, 569 P.2d 948, 951 (Ct.App.1977).

Wil-Don argues that rule 34 of the New Mexico Rules of Civil Procedure for Magistrate Courts, N.M.S.A.1978, affirmatively vests magistrates with the power to grant a new trial. The Rule reads:

> Error in either the admission or the exclusion of evidence and error or defect in any ruling, order, act or omission by the court or by any of the parties is not grounds for granting a new trial or for setting aside a verdict, for vacating, modifying or otherwise disturbing a judgment or order, unless refusal to take any such action appears to the court inconsistent with substantial justice.

A close reading of the rule does not support Wil-Don's contention. The rule addresses acts and errors made by the magistrate or the parties. It does not say that magistrates may set-aside a jury verdict.

This reading comports with Section 35–8-4(C), N.M.S.A.1978, which states in part: "The magistrate *shall* give judgment upon any verdict." (Emphasis added.) We interpret "shall" as mandatory. § 12–2–2(I), N.M.S.A.1978; *Mantz v. Follingstad*, 84 N.M. 473, 505 P.2d 68 (Ct.App.1972).

Therefore, the magistrate in this case was not empowered to set aside the jury verdict for the purpose of granting a new trial. We remand the case to the district court for entry of a permanent writ of prohibition.

IT IS SO ORDERED.

PAYNE and FEDERICI, JJ., concur.