643 P.2d 614
**STATE of New Mexico,**
**Plaintiff-Appellant,**

v.

**Herman L. DAVIS, Defendant-Appellee.**

**No. 5419.**

Court of Appeals of New Mexico.

March 23, 1982.

Jeff Bingaman, Atty. Gen., William Lazar, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

David L. Hoglund, Hobbs, for defendant-appellee.

## OPINION

WOOD, Judge.

The jury verdict was that defendant was guilty of larceny of property (meat) valued in excess of $100.00. Section 30–16–1, N.M. S.A.1978 (1981 Cum.Supp.). Defendant moved for a judgment of acquittal notwithstanding the verdict. The trial court ruled that the motion was "well taken" and entered a judgment of not guilty, "the verdict of the Jury rendered herein notwithstanding." The State appeals. We (1) identify matters not involved; (2) discuss the propriety of the trial court's action; and (3) the sufficiency of the evidence.

*Matters Not Involved*

No motion for a new trial was filed. Rule of Crim.Proc. 45 is not involved.

The basis for the State's appeal is that the trial court adjudged defendant not guilty after the jury verdict of guilty. Where, as here, the trial court failed to comply, after the verdict was received, with a mandatory rule of criminal procedure, the State has a right to appeal. Defendant does not claim otherwise. *State v. Aguilar*, 95 N.M. 578, 624 P.2d 520 (1981); *State v. Santillanes*, 96 N.M. 482, 632 P.2d 359 (Ct. App.1980), rev'd on other grounds, 96 N.M. 477, 632 P.2d 354 (1981).

We reverse the trial court's judgment of not guilty and direct that judgment and sentence be entered consistent with the verdict of guilty. This does not offend the prohibition against double jeopardy.

[W]here the jury returns a verdict of guilt but the trial court thereafter enters a judgment of acquittal * * * a conclusion by an appellate court that the judgment of acquittal was improper does not require a criminal defendant to submit to a second trial; the error can be corrected on remand by the entry of a judgment on the verdict.

*United States v. Jenkins*, 420 U.S. 358, 95 S.Ct. 1006, 43 L.Ed.2d 250 (1975); *United States v. Wilson*, 420 U.S. 332, 95 S.Ct. 1013, 43 L.Ed.2d 232 (1975).

*Propriety of the Trial Court's Action*

The parties discuss a district court's authority to enter a judgment of acquittal, notwithstanding the verdict, in a criminal case. We recognize the difference of opinion, in other jurisdictions, as to such authority: Compare *Ex parte United States*, 101 F.2d 870 (7th Cir. 1939), aff'd by an equally divided court, 308 U.S. 519, 60 S.Ct. 177, 84 L.Ed. 441 (1939); and *State v. Superior Court in and for Co. of Maricopa*, 103 Ariz. 319, 441 P.2d 548 (1968) with *State ex rel. Haas v. Schwabe*, 276 Or. 853, 556 P.2d 1366 (1976) and *Commonwealth v. Heller*, 147 Pa.Super. 68, 24 A.2d 460 (1942).

We note that a judgment notwithstanding a verdict is recognized by Rule 50 of the Rules of *Civil* Procedure but is not mentioned in the Rules of *Criminal* Procedure. However, it is unnecessary to decide whether, apart from the Rules of Criminal Procedure, a judgment notwithstanding the verdict is authorized.

The question of the propriety of the trial court's action would not have arisen if the trial court had complied with the Rules of Criminal Procedure.

Rule of Crim.Proc. 40(e) provides that after the State has presented its evidence, "the court shall determine the sufficiency of the evidence, whether or not a motion for directed verdict is made[.]" Rule of Crim.Proc. 40(k) provides that after the evidence is concluded, "the court shall determine the sufficiency of the evidence, whether or not a motion for directed verdict is made[.]"

Defendant moved for a directed verdict at the close of the State's case-in-chief and after the evidence was concluded.

The trial court took both motions under advisement. "It will go to the jury, however." Rule of Crim.Proc. 40 does not provide for motions for a directed verdict to be taken under advisement. Compare Rule of *Civil* Proc. 50(a).

Section 31–1–3, N.M.S.A.1978, provides:

A criminal prosecution shall be commenced, conducted and terminated in accordance with Rules of Criminal Procedure. All pleadings, practice and procedure shall be governed by such rules.

"Shall" in § 31–1–3, supra, is mandatory. Section 12–2–2(I), N.M.S.A.1978. "Shall" in the Rules of Criminal Procedure and, thus, in Rule of Crim.Proc. 40, is also mandatory. *Jaramillo v. O'Toole,* 97 N.M. 345, 639 P.2d 1199 (1982).

■ The trial court did not comply with its mandatory duty to rule on the sufficiency of the evidence. Its failure to rule, however, must be considered as a denial of defendant's challenge to the sufficiency of the evidence. *People v. Teeter,* 86 Misc.2d 532, 382 N.Y.S.2d 938 (1976); see *State v. Tartaglia,* 80 N.M. 788, 461 P.2d 921 (Ct. App.1969).

Rule of Crim.Proc. 46 states: "If the defendant is found guilty, a judgment of guilty shall be rendered. * * * [A] written judgment and sentence shall be signed by the judge and filed." The trial court did not comply with its mandatory duty to enter a judgment of guilty and a sentence as provided by law.

Rule of Crim.Proc. 40 provides for a determination of the sufficiency of the evidence before the case is submitted to the jury. Once the jury returns a verdict, Rule of Crim.Proc. 46 requires the trial court to enter judgment in accordance with the verdict.

■ The trial court's noncompliance with Rule of Crim.Proc. 46 requires a reversal of its judgment of not guilty and a remand for entry of judgment in compliance with Rule of Crim.Proc. 46.

*Sufficiency of the Evidence*

■ Once a judgment and sentence are entered in accordance with the verdict, defendant may challenge the sufficiency of the evidence to sustain the verdict. That appellate issue was preserved both by the motion for a directed verdict at the close of all the evidence and by Rule of Crim.Proc. 40(k). *State v. Herrera,* 90 N.M. 306, 563 P.2d 100 (Ct.App.1977); *State v. Lard,* 86 N.M. 71, 519 P.2d 307 (Ct.App.1974).

■ The trial court was of the view that the evidence was insufficient to sustain the conviction; thus another appeal, raising that issue, is inevitable. In the interest of conserving judicial time, we answer the evidence question in this appeal. We hold the evidence was sufficient to sustain the larceny conviction; that the trial court's contrary view of the evidence came about because the trial court committed the error of deciding guilt or innocence, which it was not authorized to do. Rule of Crim.Proc. 38; *State v. Garcia,* 84 N.M. 519, 505 P.2d 862 (Ct.App.1972); see *State v. Mares,* 92 N.M. 687, 594 P.2d 347 (Ct.App.1979). The trial court's proper function was limited; it should only have determined whether the evidence was sufficient for submission of the case to the jury; in doing so, the trial court was to view the evidence in the light most favorable to the State. *State v. Lankford,* 92 N.M. 1, 582 P.2d 378 (1978); *State v. McKay,* 79 N.M. 797, 450 P.2d 435 (Ct. App.1969).

The evidence most favorable to the State follows.

Allsup's Store No. 37 had opened up a shipment of briskets of beef. There were 10-to-13 briskets in the freezer before defendant started coming into the store. The briskets were two feet by two feet by six inches or smaller and each weighed about ten pounds. Defendant and a companion came into the store. The companion spoke with the clerk. Defendant came in and out of the store five or six times over a period of an hour or so; during these trips, the companion remained talking with the clerk. The clerk watched the defendant go out of the store. He was wearing a loose-fitting

jacket. It would have been impossible for defendant to have carried out all ten briskets at once without the clerk noticing a bulge. It would have been possible for defendant to have carried out one brisket at a time without the clerk noticing and maybe even two at a time. The clerk did not notice anything.

The defendant asked an acquaintance of his to give him a ride to pick up some meat to take to his home. A probation officer noticed people loading something into a car. He radioed the police. The police stopped the car, in which defendant was a passenger, and found ten briskets in it. When it was suggested that the meat might be stolen, the acquaintance started throwing the meat out of the car onto the ground. Defendant gave a phony name to the police and told them that the meat was for a barbeque at his sister's. He took the police to a house he said was his sister's, but no one was home. Another person, not the sister, lived in the house.

The police determined that Allsup's Store No. 37 was missing meat of the same kind and quantity that was found in the car. A cart was found near where the probation officer saw the car being loaded. Intermittent tracks in the snow, like the kind made by the cart, were found between Allsup's Store No. 37 and the loading place. A glove was found near Allsup's Store No. 37. It matched a glove found in the car. Defendant said the gloves were his.

This evidence was sufficient for submission to the jury and reasonably supports the verdict of guilt beyond a reasonable doubt. *State v. Sheets*, 96 N.M. 75, 628 P.2d 320 (Ct.App.1981).

The judgment of not guilty is reversed. The cause is remanded with instructions to enter a judgment and sentence in compliance with Rule of Crim.Proc. 46.

IT IS SO ORDERED.

WALTERS, C. J., and DONNELLY, J., concur.