702 P.2d 4

**R.E. RICHARDS, ex rel. State of New Mexico v. George Patton, Defendant, Petitioner,**

v.

**Janet CLOW, Chief Public Defender of the State of New Mexico; and the Honorable Larry Johnson, District Judge of the Fifth Judicial District, Respondents.**

No. 15798.

Supreme Court of New Mexico.

June 25, 1985.

Templeman & Crutchfield, C. Barry Crutchfield, Lovington, for petitioner.

Janet Clow, Chief Public Defender, Paul Bardacke, Atty. Gen., Ted Apodaca, Asst. Atty. Gen., Santa Fe, for respondents.

## OPINION

FEDERICI, Chief Justice.

Court-appointed attorney petitions this Court for a writ of mandamus against the Chief Public Defender, Janet Clow (Chief Public Defender), and a writ of prohibition against the Honorable Larry Johnson (Judge Johnson), District Judge of the Fifth Judicial District. The relief sought against the Chief Public Defender is to require the Public Defender Department to perform its statutory duties of providing counsel for indigents in criminal proceedings pending in the trial court when the local public defender claims to be disqualified because of a conflict of interest.

Defendant George Patton (Defendant) was initially charged by criminal information in the Magistrate Court of Lea County. In those proceedings, Defendant made application for assistance of counsel by reason of indigency and the local office of public defender was appointed by the magistrate to represent Defendant. Thereafter, the office of public defender filed notice of a conflict of interest and requested that counsel from the office of public defender be authorized to withdraw from representation of Defendant because of such conflict of interest. Subsequently Defendant was indicted by the Lea County Grand Jury and charges pending against him in the magistrate court were dismissed.

Following indictment of Defendant in the district court, the public defender was allowed to withdraw as counsel for Defendant and Attorney R.E. Richards (Petitioner) was designated by Judge Johnson to represent Defendant in the district court proceedings. Petitioner requested to be relieved of his appointed duties of representation before the district court. The request was denied by Judge Johnson.

Upon application for writ of mandamus and prohibition and issuance of alternative writ of prohibition, Judge Johnson relieved Petitioner of any duties or responsibilities of representation of Defendant, but left his successor in interest, Charles Imke, with the responsibility of providing such representation.

The issue on appeal is: What are the duties of the Chief Public Defender to provide counsel to indigents when the Public Defender Department asserts a conflict of interest or other disqualification on the part of the local office of public defender?

■ It is the position of Petitioner that the Chief Public Defender is under a statutory duty to provide counsel to indigents notwithstanding a conflict of interest or other disqualification on the part of the local public defender in a particular district. Petitioner contends that, when the Public Defender Department asserts a conflict of interest or other disqualification on behalf of the local office of public defender, the Public Defender is under a statutory duty to provide counsel other than the local counsel who asserts a conflict or other disqualification. It is further the position of Petitioner that the Chief Public Defender is under a statutory duty to provide and make arrangements for the representation of indigents from other public defenders in the Public Defender Department, including contract attorneys. We agree with Petitioner.

Under the Public Defender Act, NMSA 1978, Section 31–15–10(B) (Repl.Pamp. 1984), the office of the public defender is directed and required to "represent every person without counsel who is financially unable to obtain counsel and who is charged in any court within the district with any crime that carries a possible sentence of imprisonment * * *." In the event that the public defender in the district is unable to represent the indigent, NMSA 1978, Section 31–15–10(D) (Repl. Pamp.1984) requires that: "[t]he district public defender shall notify the chief if, for any reason, he is unable to represent a person entitled to his representation, *and the chief shall make provision for representation.*" (Emphasis added.)

■ The duties of the Public Defender Department, through the Chief Public Defender, are mandatory and clear. The courts of New Mexico have generally interpreted the term "shall" to be mandatory, in construing statutes dealing with duties of public officers. *Jaramillo v. O'Toole*, 97 N.M. 345, 639 P.2d 1199 (1982); *State v. Davis*, 97 N.M. 745, 643 P.2d 614 (Ct.App. 1982). The Public Defender Department was created for the express purpose of providing representation of indigents in criminal cases through staff attorneys and contract attorneys. *See* NMSA 1978, § 31–15–11(C) (Repl.Pamp.1984).

■ We do not agree with the Chief Public Defender that all staff attorneys or contract attorneys within the State of New Mexico cannot represent a defendant merely because of a conflict of interest or disqualification of the attorneys in a particular county or judicial district. The Chief Public Defender cites in support of her contention, *State v. Hernandez*, 100 N.M. 501, 672 P.2d 1132 (1983); *State v. Robinson*, 99 N.M. 674, 662 P.2d 1341, *cert. denied*, 464 U.S. 851, 104 S.Ct. 161, 78 L.Ed.2d 147 (1983); *State v. Valdez*, 95 N.M. 70, 618 P.2d 1234 (1980). Reliance upon those cases is misplaced. The above authorities do not support the position that *no* public defender office within the State of New Mexico can represent Defendant by reason of the conflict of interest that may exist with particular attorneys in a local geographical area. The above cases do not support the position that the Public Defender Department, through its staff attorneys or contract attorneys in other areas of the State who are without knowledge of or participation in, or are not affected by, the alleged instances of conflict or disqualification, is disqualified from representing Defendant.

■ The Court recognizes that there may be instances of complete inability on the part of the Public Defender Department to represent indigents in specific cases and that this inability would extend statewide so that no public defender could be available to represent a particular indigent. In those situations, the Public Defender Department should be relieved from the responsibility of providing representation. But that relief must be granted by order of the court, upon a proper showing by the Chief Public Defender. The Chief Public Defender cannot place the responsibility of finding replacement counsel upon the judiciary. NMSA 1978, § 31–15–10(D). In the event that a conflict of interest or disqualification is claimed to exist by the Public Defender Department, the court shall: (1) determine whether a conflict of interest or other disqualification of the office of public defender in fact exists, (2) determine whether the conflict or disqualification is local or statewide, (3) if the conflict or disqualification is local, direct the Chief Public Defender to provide a staff attorney or contract attorney from another county or district to represent the indigent, and (4) if the conflict or disqualification extends beyond the county or district, then the court may appoint counsel for the indigent defendant.

We note and commend the Chief Public Defender for admitting that not all cases in which the Public Defender Department encounters a conflict should be routinely handled through court appointment.

■ We recognize that although the Public Defender Department is required under the Public Defender Act to provide counsel for indigents through judicial appointment, yet such court appointment of counsel is an inherent power of the judiciary, which safeguards state and federal constitutional rights to be defended by counsel. N.M.Const. art. II, § 14; *Gideon v. Wainwright*, 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (1963); *Johnson v. Zerbst*, 304 U.S. 458, 58 S.Ct. 1019, 82 L.Ed. 1461 (1938). In *State v. Rascon*, 89 N.M. 254, 259, 550 P.2d 266, 271 (1976), we stated:

The Public Defender Act is not self-executing insofar as rendition of services by the defender is concerned. The ultimate decision as to whether such services will be rendered is left to the district courts within guidelines established by statute, court rule or judicial decision. *Converse-*

*ly, it is clear the decision is not left either to the person detained or to the public defender.* (Emphasis added.)

Where a conflict or other disqualification arises rendering continued representation by the Public Defender Department or by contract counsel unethical, improper or illegal, and the court has so determined, then the court, under its inherent power, shall appoint counsel to represent the indigent in furtherance of the Public Defender Act. *State v. Rascon.*

The writ of mandamus against the Chief Public Defender is granted and made permanent. The writ against Judge Johnson is quashed. The cause is remanded to the district court for a determination consistent with this opinion as to whether the Public Defender Department should be relieved of its responsibility to provide representation for Defendant, George Patton, in this case.

IT IS SO ORDERED.

SOSA, Senior Justice and WALTERS, J., concur.