706 P.2d 854

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Rudolph Augustine SENA,
Defendant-Appellant.**

**No. 15738.**

Supreme Court of New Mexico.

Oct. 3, 1985.

Paul Bardacke, Atty. Gen., Charles D. Noland, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Alonzo J. Padilla, Albuquerque, for defendant-appellant.

## OPINION

WALTERS, Justice.

Rudolph Sena, convicted of first degree "depraved mind" murder, appeals the denial of his motion for a new trial. His motion was brought pursuant to NMSA 1978, Crim.P.R. 45 (Repl.Pamp.1980); as grounds he claims newly discovered evidence based upon the retraction of testimony by a key State witness.

The witness, a doorman at an Albuquerque bar, testified at Sena's trial that Sena, a woman and another man approached the bar. Because the woman had a drink in her hand, the doorman refused to let them enter. An argument ensued. According to the doorman, Sena hit him; he then "maced" Sena, struck him with a flashlight, and threw him out of the bar. A few seconds later, Sena returned with a gun, shot and wounded the doorman, and shot and killed an innocent bystander. Sena's conviction was affirmed in *State v. Sena*, 99 N.M. 272, 273, 657 P.2d 128 (1983).

Upon reinvestigation by Sena's new attorney following Sena's imprisonment, the doorman retracted part of his testimony, telling the attorney that he "maced" the defendant before any physical contact occurred. When the doorman was called to testify at the hearing on Sena's motion for a new trial, however, he pleaded his Fifth Amendment privilege. His statement of recantation was admitted into evidence as a statement against interest, but the trial

court nevertheless denied the motion for new trial.

Defendant argues now that, because the doorman was the aggressor by "macing" Sena first, the doorman's act could be considered provocation and a new jury could find second degree murder instead of depraved mind murder, or a jury could find provocation sufficient to reduce the verdict to voluntary manslaughter. Since a different verdict would be possible under the new evidence, he contends, it was improper to deny a new trial.

■ The Court today does not reach two of the State's answers: that the statement of retraction is inadmissible hearsay, and that the fact of perjury was not established in a clear and convincing manner. We hold that there is no newly discovered evidence within the meaning of the rule, thus effectively disposing of the appeal.

We recently reiterated the requirements for newly discovered evidence in *State v. Volpato*, 102 N.M. 383, 384–385, 696 P.2d 471, 472–473 (1985):

> Such a motion [for a new trial] will not be granted unless the newly discovered evidence is such that it fulfills all of the following requirements: 1) it will probably change the result if a new trial is granted; 2) it must have been discovered since the trial; 3) it could not have been discovered before the trial by the exercise of due diligence; 4) it must be material; 5) it must not be merely cumulative; and 6) it must not be merely impeaching or contradictory.

■ Recanted testimony frequently is difficult to fit within the rubric of "newly discovered evidence." If a witness lies on the stand, the defendant may have within his knowledge not only the truth of the matter, but also the fact of the witness's perjury. In such a case, it is not "new" evidence in a second trial that is sought to be introduced, but the correction of earlier allegedly perjurious evidence. But it is not "evidence" that could not have been earlier discovered by the exercise of due diligence. That is the case here.

■ Assuming the doorman's trial testimony was false, Sena, as a participant, must have known the doorman "maced" him before any physical contact ensued. He must therefore have known the doorman was lying on the witness stand at trial. Nevertheless, he declined to rebut the doorman's version of the sequence of events. Two companions were with Sena at the crucial time; the barroom was full of people. Neither companion was called to testify regarding the allegedly correct sequence of events. Other corroborating witnesses may have been discovered with the exercise of due diligence. When, in the face of what he now describes as known perjury, the defendant has ample opportunity to elicit the truth but fails to do so, and elects to remain silent himself, a new trial will not be granted upon recantation of the allegedly false testimony. *See e.g. State v. Valdez*, 95 N.M. 70, 618 P.2d 1234 (1980), *State v. Mabry*, 96 N.M. 317, 630 P.2d 269 (1981).

The judgment of the trial court is AFFIRMED.

FEDERICI, C.J., and RIORDAN, J., concur.