823 P.2d 322

**STATE of New Mexico,
Plaintiff–Appellant,**

v.

**JODY C., a Child, Respondent–Appellee.**

No. 12711.

Court of Appeals of New Mexico.

July 30, 1991.

Certiorari Quashed Dec. 24, 1991.

Tom Udall, Atty. Gen., Anthony Tupler, Asst. Atty. Gen., Santa Fe, for plaintiff-appellant.

Jacquelyn Robins, Chief Public Defender, Hollis Ann Whitson, Appellate Defender, Santa Fe, Robert O. Beck, Trial and Asst.

Appellate Counsel, Clayton, for respondent-appellee.

## OPINION

DONNELLY, Judge.

The state appeals from an order of the children's court dismissing a delinquency petition with prejudice. The sole issue raised on appeal is whether the children's court erred in dismissing the petition against the child based upon the state's failure to accord the child an adjudicatory hearing within the ninety-day period prescribed by SCRA 1986, 10–226(B). We reverse.

### FACTS

The petition alleging Jody C. (the child) to be delinquent was based on an incident that occurred on June 14, 1990. The child was taken into custody by the police and placed in detention that same day. A detention hearing was conducted the next day. The child and his parents appeared at the detention hearing and were represented by appointed counsel. At the conclusion of the detention hearing, the children's court referee ordered the child to be released from detention and placed in the custody of his attorney. On June 15, 1990, after the detention hearing, the children's court attorney filed a petition with the children's court alleging that the child was delinquent. Summons was not issued at the time the petition was filed. The petition was hand delivered to the counsel for the child, who discussed the allegations contained therein with the child.

On June 18, 1990, the child, through his attorney, filed a demand for trial by jury. On July 5, 1990, the children's court issued summonses in the case, and on the following day summonses and copies of the petition were personally served on the child and his parents by a deputy sheriff.

The children's court set the case for a jury trial to begin on Monday, September 24, 1990, within ninety days of the date of service of the summons and petition on the child. On September 17, 1990, the child filed a demand for dismissal with prejudice.

After a hearing on this issue, the children's court dismissed the petition with prejudice, finding that the child was not accorded an adjudicatory hearing within the ninety-day period required by Children's Court Rule 10–226. The court concluded, among other things, that the ninety-day time period began to run on June 15, 1990, when the child's attorney was served with a petition in this case, or alternatively that the child waived service of the summons and petition in this case on June 18, 1990, when a notice of demand for jury trial was filed by the child's attorney. The court also concluded that under the Children's Code and the children's court rules, a child may waive service of the summons and petition.

DISCUSSION

The state argues on appeal that the ninety-day time requirement for conducting an adjudicatory hearing was not triggered until July 6, 1990, when the child was served with a copy of the summons and petition. It contends that the children's court erred in dismissing the petition for failure to commence the hearing within the time bar provided by Rule 10–226(B), because the trial date scheduled by the court was within the time requirements of the rule.

The Children's Code, NMSA 1978, Section 32–1–28 (Repl.Pamp.1989), provides that the time limit for commencing an adjudicatory hearing in a delinquency proceeding is governed by the Rules of Procedure promulgated by our supreme court for the children's court. *See also State v. Doe*, 90 N.M. 568, 566 P.2d 117 (Ct.App.1977). Where the child is not held in custody, Children's Court Rule 10–226(B), applicable to delinquency proceedings, provides in part:

If the respondent is not in detention or has been released from detention prior to the expiration of the time limits set forth in Paragraph A of this rule, *the adjudicatory hearing shall be commenced within ninety (90) days from whichever of the following events occurs latest:*
 *(1) the date the petition is served on the respondent * * *.* [Emphasis added.]

Rule 10–226 does not describe the method to be used to serve an alleged delinquent child; however, SCRA 1986, Children's Court Rule 10–105(A) provides that "[u]pon the docketing of any petition, the court shall issue a summons[.]" Rule 10–105(C) specifies that the "summons and a copy of the petition shall be served upon issuance of the summons." Additionally, Rule 10–105(D) states that "[t]he summons and [a] copy of the petition shall be served on [the child] alleged to be delinquent * * * in accordance with Rule 1–004 of the Rules of Civil Procedure for the District Courts unless the court directs service by mail."

SCRA 1986, 1–004(F)(7) (Cum.Supp.1990), referred to in Children's Court Rule 10–105(D), provides how a minor shall be served:

[W]henever there shall be a conservator of the estate or guardian of the person of such minor, by delivering a copy of the summons and of the complaint to the conservator or guardian. Service of process so made shall be considered as service upon the minor. *In all other cases process shall be served by delivering a copy of the summons and of the complaint to the minor, and if the minor is living with an adult a copy of the summons and of the complaint shall also be delivered to the adult residing in the same household.* In all cases where a guardian ad litem has been appointed, a copy of the summons and of the complaint shall be delivered to such representative, in addition to serving the minor as herein provided[.] [Emphasis added.]

 As shown by the record, the child was not personally served with a copy of the petition and summons as contemplated in Rule 10–226 until July 6, although a copy of the petition was given to his attorney on June 15, 1990. Both Rules 10–105(D) and 1–004(F)(7) indicate that service of a copy of the summons and petition "shall" be made upon the child. Additionally, the Children's Code, NMSA 1978, Section 32–1–20(A) (Repl.Pamp.1989), relating to the issuance of summonses states, "After a petition has been filed, summonses *shall be*

**82**

issued directed to the child if the child is 14 or more years of age, or is alleged in the petition to be delinquent * * * whether or not fourteen years of age * * *." (Emphasis added.) The word "shall" as used in a statute or supreme court rule is generally construed to be mandatory. *See Jaramillo v. O'Toole*, 97 N.M. 345, 639 P.2d 1199 (1982); *State v. Davis*, 97 N.M. 745, 643 P.2d 614 (Ct.App.1982).

 The children's court concluded that a child may waive service of summons and petition. This is correct where the waiver is made in court with the child present with his attorney, and his parent, guardian or custodian consents. This was not the situation here. Section 32–1–20(E) provides: "A party, other than the child, may waive service of summons by written stipulation or by voluntary appearance at the hearing. If the child is present at the hearing, his counsel, with the consent of the parent, guardian or custodian, may waive service of summons in his behalf."

Therefore, in the absence of a waiver as prescribed by this section, we conclude that issuance and service of a summons and a copy of the petition on the child are mandatory under the Children's Code and children's court rule. A child may not waive service of the summons and petition in the manner attempted here.

Based upon the foregoing, we conclude that the children's court erred in dismissing the petition, since the date set for the jury trial, September 24, 1990, was within ninety days from the date the petition was actually served on the child as required by Rule 10–226(B). Although we do not countenance the twenty-one-day delay in effecting service of the summons and petition upon the child, there is no showing that the delay in this case was intentional or that such delay prejudiced the due process rights of the child.

CONCLUSION

For the foregoing reasons, we reverse the order of the children's court. The cause is remanded for further proceedings consistent herewith.

IT IS SO ORDERED.

BIVINS and MINZNER, JJ., concur.