This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                                          **NO. 31,708**

**RUBEN GARCIA,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF VALENCIA COUNTY**
**John W. Pope, District Judge**

Gary K. King, Attorney General
Santa Fe, NM
Jacqueline R. Medina, Assistant Attorney General
Albuquerque, NM

for Appellee

Bennett J. Baur, Acting Chief Public Defender
B. Douglas Wood III, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**VANZI, Judge.**

{1}     Defendant Ruben Garcia appeals from his convictions for possession of a controlled substance and tampering with evidence. He contends the district court erred in amending the indictment to refer to the correct date and the correct controlled substance and in allowing the State's witness to testify that the substance she tested was heroin because the State did not present the actual evidence—the heroin—at trial. We perceive no error. Defendant also contends the evidence obtained from him as a result of the search incident to his arrest should have been suppressed because he was arrested without a valid warrant. We do not consider this claim because it was not preserved in the district court. Defendant finally contends the evidence was insufficient to support his convictions and he received ineffective assistance of counsel. We conclude that the evidence was sufficient and that Defendant's ineffective assistance of counsel claim would be more appropriately pursued in a habeas proceeding. We thus affirm.

**BACKGROUND**

{2}     A grand jury indictment was filed on April 24, 2009, charging Defendant with two counts: (1) trafficking by possession with intent to distribute, and (2) tampering with evidence. The first count erroneously referred to methamphetamine, and the second count correctly referred to heroin. Both crimes were alleged to have occurred on December 6, 2008.

{3}     Defendant's trial began on January 25, 2010. After the jury was selected, but before any evidence was presented, the State made an oral motion to amend the indictment to reflect that the crimes took place on December 8, 2008, not December 6, 2008. The district court asked defense counsel to respond to the State's motion, and defense counsel stated, "Judge, I would oppose just for the record." The district court then stated, "I will allow the amendment. I don't think it's a big surprise."

{4}     The State called Officer Nava Marquez as its first witness. Marquez testified that on December 8, 2008, he, along with two criminal investigation agents, went to Defendant's mother's house to serve an arrest warrant on Defendant. Defendant opened the door and, after seeing Marquez, ran back into the house. Marquez caught Defendant and "attempt[ed] to take him into custody." Defendant reached into his pocket, pulled several items out, and threw them approximately ten feet in the direction of where his mother was standing. Defendant said, "[G]et rid of this." Marquez picked up the items and placed them in his back pocket. He later examined the items and determined that there were ten individually packaged bags of heroin, along with a separate bigger portion, all contained in a clear plastic bag. Marquez packaged the evidence and sent it to the New Mexico Department of Public Safety (DPS) for testing.

{5}     The State's next witness was Fidely Nathanson, a forensic drug chemist with DPS, who was qualified as an expert in drug testing. Nathanson testified that she

3

tested the evidence collected by Marquez on December 8, 2008, and determined it was heroin. Nathanson did not have the actual evidence with her at trial. She testified that the drugs were in the DPS office in Santa Fe because neither she nor Marquez could transport them.

{6}     After the State rested its case, Defendant moved for a directed verdict on both counts. The following exchange took place between the district court and the prosecutor with respect to the trafficking charge.

THE COURT:     You had an interesting indictment, you have to admit, on Count 1. You have the wrong date and you have the wrong drug.

[PROSECUTOR]: Yes. And I probably should have looked at the indictment closer than I did. And, of course, the [S]tate would ask to amend [the indictment] to reflect heroin. It does carry the same penalty as methamphetamine. They're both second degree felonies. I cannot speak as to why the ADA in this particular case made those mistakes, and I cannot speak as to my own reason for overlooking them other than I didn't look at the indictments closely enough. But I have no meth. This is not a meth case. And I'm not going to pretend that it is.

The district court denied Defendant's motion for a directed verdict and thereby implicitly granted the State's motion to amend the indictment to refer to heroin instead of methamphetamine. Defense counsel did not object.

{7}     The jury was instructed on both counts with respect to heroin. Defense counsel again did not object. The jury found Defendant guilty of possession of a controlled

4

substance (heroin), as a lesser included offense of trafficking, and tampering with evidence. The district court sentenced Defendant to a term of eighteen months imprisonment, enhanced by eight years because Defendant is a fourth habitual offender.

**DISCUSSION**

**A.     Amendment of Indictment**

{8}     Defendant first argues that his convictions should be reversed because he was convicted of crimes that were not charged in the indictment. He appears to be arguing that the district court erred in granting the State's motion to amend the indictment pursuant to Rule 5-204(A) NMRA to refer to the correct date (December 8, 2008, instead of December 6, 2008) and the correct substance (heroin instead of methamphetamine). He also appears to be challenging the grand jury proceeding itself, though he acknowledges in his reply brief that the grand jury was presented with evidence of heroin and was instructed relevant to heroin. As an initial matter, the State contends that Defendant did not preserve this argument in the district court.

{9}     "In order to preserve an error for appeal, it is essential that the ground or grounds of the objection or motion be made with sufficient specificity to alert the mind of the [district] court to the claimed error or errors, and that a ruling thereon then be invoked." *State v. Varela*, 1999-NMSC-045, ¶ 25, 128 N.M. 454, 993 P.2d 1280 (internal quotation marks and citation omitted); *see* Rule 12-216(A) NMRA.

5

Defendant made no such objection. With respect to the amendment to change the date, defense counsel stated she "would oppose just for the record." With respect to the amendment to change the substance, defense counsel made no objection. Because Defendant did not specifically alert the mind of the district court to any claimed error, we agree with the State that this issue was not preserved for our review.

{10} In his reply brief, Defendant argues that we should review the district court's amendment of the indictment for plain error. We can review an unpreserved claim for fundamental error. *See* Rule 12-216(B)(2). "The doctrine of fundamental error applies only under exceptional circumstances and only to prevent a miscarriage of justice." *State v. Barber*, 2004-NMSC-019, ¶ 8, 135 N.M. 621, 92 P.3d 633. "Error that is fundamental . . . must go to the foundation of the case or take from the defendant a right which was essential to his defense and which no court could or ought to permit him to waive." *Id.* (internal quotation marks and citation omitted).

{11} We are not persuaded that there was any error, let alone fundamental error, because the amended indictment charged the same offense as the original indictment and Defendant's substantial rights were not prejudiced by the amendment. *See* Rule 5-204(A) ("The court may at any time prior to a verdict cause the . . . indictment . . . to be amended in respect to any such defect . . . if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced.").

{12} Defendant claims he was prejudiced by the amendment because "it was impossible for him to truly know what he was to defend against." We disagree. It is clear from the record that Defendant knew he had to defend against the charges of possession of heroin and tampering with evidence—specifically, heroin. To the extent that Defendant contends that there was fundamental error arising out of the grand jury proceedings, we disagree. He acknowledges that the grand jury was presented with evidence of heroin and he was convicted of crimes relating to heroin. On these facts, we perceive no possible miscarriage of justice. Accordingly, we affirm the district court's grant of the State's motion to amend the indictment.

**B.    Foundation for Drug Evidence**

{13} Defendant next argues that he was denied his right to a fair trial "because a proper foundation was not laid as to the [DPS] substance results used against him as proof of possession of heroin." He appears to be arguing that the district court abused its discretion in permitting the State's witness to testify regarding the results of her drug testing because the State did not produce the actual evidence at trial.

{14} "Rulings admitting or excluding evidence are generally reviewed for an abuse of discretion." *State v. Campbell*, 2007-NMCA-051, ¶ 9, 141 N.M. 543, 157 P.3d 722. "We would find an abuse of discretion when the [district] judge's action was obviously erroneous, arbitrary[,] and unwarranted. Abuse of discretion has also been

defined as being clearly against the logic and effect of the facts and circumstances before the court." *Id.* (internal quotation marks and citation omitted).

{15} We conclude that the district court did not abuse its discretion here because it was shown by at least a preponderance of the evidence that the evidence tested by DPS was the same evidence that was seized from Defendant at the time of his arrest. *See State v. Rodriguez*, 2009-NMCA-090, ¶ 24, 146 N.M. 824, 215 P.3d 762 ("[T]here is no abuse of discretion when the evidence is shown by a preponderance of the evidence to be what it purports to be."). We explained in *Rodriguez* that "[t]he admission of real or demonstrative evidence does not require the State to establish the chain of custody in sufficient detail to exclude all possibility of tampering." *Id.* We conclude that this reasoning is equally applicable here, where the State did not introduce real or demonstrative evidence, but presented testimony about that evidence. We note that Defendant does not contend that he was denied an opportunity to independently test the evidence; nor does he contend the evidence was destroyed. It appears that the State did not produce the evidence at trial because neither Nathanson, the forensic drug chemist, nor Marquez were able to transport the evidence.

{16} Defendant argues that "[t]o verify chain of custody, the State should have been required to produce the same substance from which [it] drew the sample that was tested in order to demonstrate that connection." Defendant does not cite any authority for the proposition that the State was required to introduce the drugs themselves into

8

evidence, and we have found none. Where a party cites no authority to support an argument, we may assume no such authority exists. *In re Adoption of Doe*, 1984-NMSC-024, ¶ 2, 100 N.M. 764, 676 P.2d 1329. To the extent that Defendant argues that there was some deficiency in the proof of the chain of custody, we are not persuaded. Nathanson testified that when evidence comes into the crime laboratory, the officers fill out an evidence receipt describing the evidence and marking it for drug analysis. The paperwork and the evidence is then kept in the evidence unit of the laboratory. Specifically, once it has been logged in by one of the evidence technicians, the evidence is placed in a vault. During the course of the day, one of the forensic drug chemists will take the paperwork and evidence from the evidence unit to the secured chemistry lab. In this case, the evidence receipt indicated that Marquez submitted the drugs to the crime laboratory to be tested. Nathanson retrieved the paperwork and plastic bag submitted by Marquez and tested the largest portion of the substance and five of the smaller ones. After analyzing the material, Nathanson sealed the evidence and put her initials and date on it. She then put the sealed evidence back into the original envelope and returned it to the evidence unit where the envelope was electronically bar coded and returned to the vault. The evidence receipt and Nathanson's notes were filed as a hard copy in the evidence unit filing system. Defendant did not challenge any of Nathanson's testimony at trial concerning chain

of custody of the evidence, and he fails to point to any deficiency on that issue on appeal.

**{17}** Because we are aware of no authority requiring the State to introduce into evidence the actual drugs tested, and because Defendant has failed to raise any issue with regard to the chain of custody, we conclude that the district court did not abuse its discretion in permitting the State's witness to testify that the substance she tested was heroin. It was for the jury to determine the weight of this evidence. *See Cent. Sec. & Alarm Co. v. Mehler*, 1996-NMCA-060, ¶ 30, 121 N.M. 840, 918 P.2d 1340 (recognizing that any question about a gap in the chain of custody goes to the weight of evidence, not its admissibility).

**C.      Search Incident to Arrest**

**{18}** Defendant argues, pursuant to *State v. Franklin*, 1967-NMSC-151, ¶¶ 9-11, 78 N.M. 127, 428 P.2d 982, and *State v. Boyer*, 1985-NMCA-029, ¶¶ 17-22, 103 N.M. 655, 712 P.2d 1, that the evidence Marquez obtained from Defendant at the time of Defendant's arrest should have been suppressed because Defendant was arrested without a valid warrant. Defendant concedes that he did not preserve this issue in the district court, and he does not contend that the alleged error was fundamental. We thus decline to consider this issue. *See, e.g.*, *Varela*, 1999-NMSC-045, ¶ 26 (declining to review an issue not preserved in the district court). Although we do not consider this issue, we note that prior to trial, defense counsel requested that the State not be

allowed to introduce evidence regarding the probation violation that formed the basis for the arrest warrant. The district court agreed and limited the State to eliciting evidence "that the officer was there legitimately to serve a warrant." Marquez testified that he had an arrest warrant, and Defendant did not contest its validity.

**D.    Sufficiency of the Evidence**

{19}    Defendant also argues that the evidence was insufficient to support his convictions. "In reviewing the sufficiency of the evidence, we must view the evidence in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict." *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176. "The relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (alteration, internal quotation marks, and citation omitted).

{20}    The jury was instructed that, to find Defendant guilty of possession of heroin, the State had to prove the following elements beyond a reasonable doubt: "[(1) D]efendant had heroin in his possession; [(2) D]efendant knew it was heroin; [and (3)] This happened in New Mexico on or about the 8th day of December, 2008." The jury was further instructed that, to find Defendant guilty of tampering with evidence, the State had to prove the following elements beyond a reasonable doubt: "[(1)

11

D]efendant placed a bag of drugs; [(2) D]efendant intended to prevent the apprehension, prosecution[,] or conviction of himself . . . ; [and (3)] This happened in New Mexico on or about the 8th day of December, 2008."

**{21}** Defendant contends that the tampering instruction "fails to explain where [Defendant] was to have placed the bag of 'drugs,' and the instruction also fails to identify what kind of drugs he 'placed[.]' " With respect to both counts, Defendant contends that there was insufficient evidence that he possessed heroin because "[t]he actual substance that he possessed was not shown to the jury." We disagree.

**{22}** The State presented evidence supporting each of the elements it was required to prove. With respect to the tampering charge, Marquez testified that Defendant pulled several items out of his pocket, threw them toward his mother, and said, "[G]et rid of this." Nathanson testified that she tested the evidence collected by Marquez and determined it was heroin. While there was no direct evidence that Defendant knew that the bag in his pocket contained multiple bags of heroin, it was clearly within the province of the jury to make that inference. *See State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314 (stating that the appellate "court does not weigh the evidence and may not substitute its judgment for that of the fact finder so long as there is sufficient evidence to support the verdict"). Furthermore, as discussed above, the fact that the State did not introduce the actual substance taken from Defendant

12

does not mean that Defendant's convictions cannot stand. We conclude that the evidence was sufficient and therefore affirm Defendant's convictions.

**E.      Ineffective Assistance of Counsel**

**{23}**     Lastly, Defendant argues, pursuant to *Franklin* and *Boyer*, that his convictions should be reversed because he received ineffective assistance of counsel. Defendant acknowledges that the facts necessary to succeed on this claim "are largely outside of the record." We agree and conclude that Defendant must pursue this issue, if at all, in a collateral proceeding. *See State v. Telles*, 1999-NMCA-013, ¶ 25, 126 N.M. 593, 973 P.2d 845 ("Without a record, we cannot consider [a d]efendant's claim of ineffective assistance of counsel on direct appeal. [A d]efendant's proper avenue of relief is a post-conviction proceeding that can develop a proper record." (citation omitted)); *see also State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 776 ("A record on appeal that provides a basis for remanding to the [district] court for an evidentiary hearing on ineffective assistance of counsel is rare. Ordinarily, such claims are heard on petition for writ of habeas corpus.").

**CONCLUSION**

**{24}**     We affirm Defendant's convictions for possession of a controlled substance and tampering with evidence.

**{25}     IT IS SO ORDERED.**

_____

**LINDA M. VANZI, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**TIMOTHY L. GARCIA, Judge**