This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports. Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions. Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-37798**

**STATE OF NEW MEXICO,**

　　　Plaintiff-Appellant,

v.

**JULIAN A. MARTINEZ,**

　　　Defendant-Appellee.

**APPEAL FROM THE DISTRICT COURT OF MCKINLEY COUNTY**
**Robert A. Aragon, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellant

Bennett J. Baur, Chief Public Defender
Charles D. Agoos, Assistant Appellate Defender
Santa Fe, NM

for Appellee

### MEMORANDUM OPINION

**VANZI, Judge.**

**{1}**　　The opinion filed on September 10, 2019, was filed inadvertently and is hereby withdrawn, and this opinion is filed in its stead. The State appeals from a district court order granting Defendant's motion for a directed verdict and dismissing the charges with prejudice. The order was entered three days after the jury had returned a verdict finding Defendant guilty on two criminal counts. [RP 173, 176, 213] Our calendar notice proposed to reverse. Defendant has responded with a memorandum in opposition. We reverse.

**{2}** "A district court does not have the authority to override a jury's verdict and enter a verdict different than that handed down by the jury." *State v. Torrez*, 2013-NMSC-034, ¶ 10, 305 P.3d 944; *see also* Rule 5-701(A) NMRA ("If the defendant is found guilty, a judgment of guilty shall be rendered. If the defendant has been acquitted, a judgment of not guilty shall be rendered."). Under such circumstances, the State has a right to appeal and have the jury verdict reinstated. *State v. Davis*, 1982-NMCA-057, ¶ 3, 97 N.M. 745, 643 P.2d 614. Although the district court attempted to relate its ruling back to Defendant's pre-verdict motion, our Rules and case law do not provide for such an exception to the mandatory applicability of the verdict. Accordingly, our calendar notice proposed to reverse and remand for sentencing pursuant to the jury verdict.

**{3}** In his memorandum in opposition, Defendant challenges our case law on this specific issue. However, we are bound by *Torrez*. *See State ex rel. Martinez v. City of Las Vegas*, 2004-NMSC-009, ¶ 20, 135 N.M. 375, 89 P.3d 47 (stating that the Court of Appeals is bound by Supreme Court precedent). We are also bound by Rule 5-701(A). *See State v. Cordova*, 1999-NMCA-144, ¶ 30, 128 N.M. 390, 993 P.2d 104 ("It is well-established that this Court is without authority to reverse or revise court rules that have been previously interpreted by our Supreme Court."). Accordingly, we reverse.

**{4}    IT IS SO ORDERED.**

**LINDA M. VANZI, Judge**

**WE CONCUR:**

**M. MONICA ZAMORA, Chief Judge**

**MEGAN P. DUFFY, Judge**