888 P.2d 935

**STATE of New Mexico,**
**Plaintiff–Appellee,**

v.

**Charlene JONES, a/k/a Charlene Frazier,**
**Defendant–Appellant.**

**STATE of New Mexico,**
**Plaintiff–Appellee,**

v.

**Patricia PRICE, Defendant–Appellant.**

Nos. 14591, 14458.

Court of Appeals of New Mexico.

March 17, 1994.

**ORDER**

This matter having come before the Court upon the State's motions to hold briefing in abeyance pending resolution of a possible conflict of interest by appellants' counsel in the above-entitled cases, and in accordance with this Court's oral ruling announced at the hearing on the State's motions on March 14, 1994, this Court finds that:

(1) Based on the record in these cases it appears that the Appellate Public Defender has raised issues of ineffective assistance of counsel where the counsel below was also a public defender;

(2) While we make no finding that a conflict exists, we believe that on the face of the record the Appellate Public Defender appears to have a conflict of interest;

(3) We recognize that in some states courts have adopted a per se rule and in other states courts have followed a case-by-case approach to determining if a conflict of interest exists. We are not necessarily adopting either approach, but we believe it is prudent for the sake of finality of this Court's judgments, for the sake of resolving in these cases what on the face appear to be conflicts of interest, and for the sake of ensuring effective assistance of counsel to require the Appellate Public Defender to either (a) file a waiver of the conflict of interest by each defendant, (b) make a showing why no conflict of interest exists, or (c) move to withdraw as appellate counsel and allow outside appellate counsel to enter an appearance for defendants.

**IT IS THEREFORE ORDERED** that in these cases, the companion cases of *State v. Rickard*, No. 14,566; *State v. Dean*, No. 14,-732; *State v. Roberts*, No. 14,757; and in any other cases wherein it appears that the Appellate Public Defender has raised an issue of ineffective assistance of counsel where the

counsel below was also a public defender, the Appellate Public Defender shall:

(1) file in this Court evidence of a waiver of the conflict of interest by the defendant; or

(2) make a showing to this Court why no conflict of interest exists; or

(3) file a motion to withdraw as appellate counsel and allow outside counsel to enter an appearance.

**IT IS FURTHER ORDERED** that the Appellate Public Defender has 21 days from March 14, 1994, to comply with this Order. In the event the Appellate Public Defender chooses to file evidence of a waiver of the conflict of interest by the defendant, attached is a suggested form of waiver that the Appellate Public Defender may use. The Appellate Public Defender is of course free to submit a different form of waiver that complies with this Order Rules of Professional Conduct.

/s/ William W. Bivins
JUDGE

/s/ Lynn Pickard
JUDGE

/s/ Benny E. Flores
JUDGE

ATTACHMENT

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

STATE OF NEW MEXICO,

Plaintiff–Appellee,

vs.

_____ ,

Defendant–Appellant.

No. _____

**WAIVER OF CONFLICT OF INTEREST**

Pursuant to SCRA 1986, 16–107(B) (Repl. Pamp.1991), I have consulted with my client, Defendant in the above-entitled action, regarding a possible conflict of interest that may exist because Defendant is alleging ineffective assistance of counsel on the part of trial counsel in this case, who is also a public defender. I have explained the implications of the conflict of interest to Defendant and the advantages and risks involved. I have represented to Defendant that I reasonably believe my representation of Defendant will not be adversely affected or materially limited by the possible conflict of interest in this case. After consultation, Defendant has consented to waiver of the conflict of interest, and I am satisfied that Defendant understands the waiver of the conflict of interest.

_____

Appellate Defense Counsel