2004-NMSC-034

100 P.3d 668

**Ramon Pacheco MORALES and Similarly Situated Habeas Petitioners, Petitioners,**

v.

**Hon. Stephen BRIDGFORTH, District Judge. Respondent.**

No. 28,078.

Supreme Court of New Mexico.

Oct. 26, 2004.

**512**

John Bigelow, Chief Public Defender, Sophie Cooper, Assistant Public Defender, Albuquerque, for Petitioners.

Patricia A. Madrid, Attorney General, David K. Thomson, Assistant Attorney General, Santa Fe, for Respondent.

## OPINION

MAES, Chief Justice.

{1} Petitioner and other similarly situated habeas petitioners petitioned this Court for a writ of superintending control to allow the Post Conviction Conflict Division of the Public Defender Department ("the Department") to represent individuals in habeas proceedings who allege that their public defender at trial was ineffective, provided each individual consents to such representation. *See* N.M. Const. art. VI, § 3. We granted the writ, concluding there is no per se conflict of interest where the Post Conviction Conflict Division of the Department represents an individual arguing a claim of ineffective assistance of counsel by an attorney from the Trial Division of the Department. However, we recognized the potential for a conflict and concluded that each potential conflict must be reviewed on a case-by-case basis. We further concluded that an individual could waive such a conflict, if one exists, by knowingly and intelligently signing a waiver after proper advisement. Consequently, we ordered the parties to submit briefs regarding the essential elements of an effective waiver. After reviewing the rationale for our decision that each potential conflict must be reviewed on a case-by-case basis and may be waived by the individual, we address what form the waiver must take.

{2} We recognize that there is a split of authority on the question of whether a public defender department should be automatically disqualified from representing a defendant who is asserting, either on direct appeal or in a habeas corpus proceeding, that a public defender did not provide effective assistance at trial. *Compare Asch v. State*, 62 P.3d 945, 952–53 (Wyo.2003) (adopting a case-by-case analysis for potential conflicts of interest arising from alleged ineffective assistance of counsel by the public defender department at trial when that argument is raised by the public defender department on appeal) *with McCall v. Dist. Court for Twenty–First Judicial Dist.*, 783 P.2d 1223, 1229 (Colo.1989) (adopting a per se rule requiring disqualification of the appellate public defender when the appeal is based on a claim of ineffective assistance at the trial level by a public defender) *and* Restatement (Third) The Law Governing Lawyers § 123 cmt. d(iv) (2000) ("The rules on imputed conflicts and screening ... apply to a public-defender organization as they do to a law firm in private practice in a similar situation."). The potential conflict of interest is based on the possibility that the appellate attorney will be divided in his or her loyalty to the client because of a possible desire to protect his or her colleagues in the Department by covering up their malpractice.

{3} New Mexico precedent has adopted a case-by-case analysis for evaluating similar conflicts of interest. In *Richards v. Clow*, 103 N.M. 14, 16, 702 P.2d 4, 6 (1985), we adopted a case-by-case analysis for claims of potential conflict of interest within the Department at the trial level based, in part, on our decision not to apply the imputed disqualification rules applicable to private law firms to the Department. We affirm *Richards* in that the Department will not be automatically disqualified for potential conflicts of interest, but rather only for actual conflicts of interest that are not waived by the individual client. We note that the Department has created a Post Conviction Conflict Division to deal with post-conviction conflict issues that is separate, at least on a divisional level, from the trial attorneys in

the Department's districts. Also, we note that the Legislature has declared it New Mexico's public policy to afford indigent individuals representation in post-conviction proceedings through the Department. *See* NMSA 1978, § 31–15–10(D) (2001) ("The district public defender shall represent any person within the district who is without counsel and who is financially unable to obtain counsel in any state postconviction proceeding."). Additionally, in *State v. Jones*, 119 N.M. 53, 888 P.2d 935 (Ct.App.1994), our Court of Appeals held that in cases of apparent conflict of interest on direct appeal, the Appellate Public Defender must either (a) file a waiver of the conflict, (b) make a showing of no conflict, or (c) move to withdraw. The waiver adopted in *Jones* was modeled on Rule 16–107(B) NMRA 2004 of our Rules of Professional Responsibility. *See Jones*, 119 N.M. at 54, 888 P.2d at 936. We are confident that a similar waiver based on Rule 16–107(B) will work as well for post-conviction proceedings as it has for direct appeals.

{4} Further, requiring a per se disqualification would, in our view, "needlessly jeopardize the right of individual defendants to skilled and competent representation" by the Department, especially in complex, costly and time-consuming cases like habeas corpus proceedings. *Asch*, 62 P.3d at 953. A public defender trained in post-conviction relief will offer a potentially higher level of service to the individual than even a member of the general criminal defense bar because of the unique issues that must be dealt with in a post-conviction claim. This does not mean that attorneys not in the Post Conviction Conflict Division are not qualified to handle post-conviction cases, but rather that an individual should be given the choice to waive a potential conflict instead of having this valuable service automatically taken away. Our precedent and the rationales of the jurisdictions that follow a case-by-case analysis persuade us that adopting a case-by-case analysis is appropriate for potential conflicts of interest arising from appellate representation by the Department, either on direct appeal or in a habeas corpus proceeding, claiming ineffective assistance of counsel by the Department at trial. Accordingly, we recognize that this type of conflict may be waived by

the individual in accordance with Rule 16–107(B).

{5} The waiver, based on Rule 16–107(B), should contain: (1) a statement by counsel that he or she reasonably believes that his or her representation will not be adversely affected by any potential conflict of interest, and (2) a statement from the client saying that he or she consents to the representation after consultation about the risks involved in such representation. Both parties agree that during consultation, the client should be told of the nature of the conflict and the risks involved in such representation; that he or she has the statutory right to conflict-free representation; and that if he or she decides not to waive the conflict, independent counsel will be obtained to represent him or her. Petitioner asserts that counsel should also tell the client that he or she believes that his or her representation will not be adversely affected, and that the client must decide whether he or she chooses to waive the conflict. Respondent asserts that the client should be given a reasonable amount of time to consider the risks involved before waiving the statutory right to counsel. We agree with these suggestions and conclude that the client should be informed of the potential conflict, the implications of such representation, and the advantages and risks of such representation. *See* Rule 16–107(B). Thus, we agree with the parties that the waiver should correspond to the waiver published in *Jones*, 119 N.M. at 53–54, 888 P.2d at 935–36, with the modifications as indicated herein.

{6} To ensure that the waiver is knowingly and intelligently made, Respondent also contends that the trial court should be required to question the individual on the record about his or her waiver. In the alternative, Respondent suggests the trial court should be required to obtain independent counsel to explain the potential conflict and waiver to the client. Respondent asserts that this requirement is consistent with the rule pertaining to business transactions with or adverse to a client. *See* Rule 16–108(A)(2) NMRA 2004. Petitioner responds that requiring an on-the-record waiver with

the participation of the court is intrusive and unnecessary. Petitioner contends that such a requirement may threaten the client's rights and privileges because a judge cannot determine the extent of the conflict without knowing the particular facts of the case. Although a discussion on the record between the client and the trial court will be prudent in some cases, we conclude such a colloquy is not a required element of an effective waiver. We also reject Respondent's suggestion that the trial court must obtain independent counsel to explain the potential conflict and waiver to the client, although such a suggestion might prove appropriate in isolated cases. Therefore, the *Jones*-type waiver, as modified herein, should generally be sufficient for an effective waiver.

{7} In conclusion, we hold that when a potential conflict of interest arises based on the Public Defender Department's representation of an individual in a habeas corpus proceeding claiming ineffective assistance of counsel by his or her public defender at trial, the individual may waive the potential conflict of interest resulting from such representation if the waiver conforms to the above requirements. For the benefit of counsel, attached below is a suggested waiver form that the Post Conviction Conflict Division of the Department may use.

{8} IT IS SO ORDERED.

MINZNER, SERNA, BOSSON and CHAVEZ, Justices, concur.

## ATTACHMENT

Pursuant to Rule 16–107(B) NMRA 2004, I have consulted with Petitioner in the above-entitled action regarding a possible conflict of interest that may exist based on Petitioner's allegation of ineffective assistance of counsel by trial counsel, who is also a public defender. I have explained the implications of the conflict of interest to Petitioner, and the advantages and risks involved. I have advised Petitioner that he/she has a right to conflict-free counsel and that the Public Defender Department will pay for private contract counsel to represent him/her in these proceedings if he/she so chooses. I have represented to Petitioner that I reasonably believe my representation will not be adversely affected or materially limited by the possible potential conflict of interest in this case. After consultation, Petitioner has waived the conflict of interest, and I am satisfied that Petitioner understands the waiver of the potential conflict of interest.

_____

Attorney for Petitioner

My habeas attorney has informed me about having a possible conflict of interest because my habeas attorney and my trial attorney are both employed by the Public Defender Department. My attorney has told me the possible conflict of interest is that he/she might harbor some feelings of loyalty to my public defender at trial, and that such loyalty might conflict with his/her duty to zealously represent me. My habeas attorney has told me that I have a right to conflict-free counsel and that, if I prefer, the Public Defender Department will appoint and pay for contract private counsel to represent me in this habeas proceeding. My habeas attorney has assured me that he/she believes his/her representation in this case will not be affected or limited by the possible potential conflict of interest. After consulting with my attorney and having had a reasonable time to consider the advice, I waive the possible conflict of interest and I choose to have the habeas attorney from the Public Defender Department continue to represent me.

_____

Petitioner