This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

   Plaintiff-Appellee,

v.                                                          **NO. 34,394**

**ANGELO GRIEGO,**

   Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Michael Martinez, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM
Jane A. Bernstein, Assistant Attorney General
Albuquerque, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Will O'Connell, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**GARCIA, Judge.**

{1}    Defendant appeals from the district court's order revoking his probation. We issued a first notice of proposed summary disposition, proposing to reverse. The State filed a response to our notice that we found persuasive. We issued a second notice, proposing to affirm. Defendant has filed a response to our second notice. We remain persuaded by the State's arguments, and affirm.

{2}    We do not recount all the arguments Defendant has pursued in this case or our proposed analysis of those issues. Rather, we address only those arguments Defendant raises in response to our second notice, which he has pursued under the demands of *State v. Franklin*, 1967-NMSC-151, ¶ 9, 78 N.M. 127, 428 P.2d 982; and *State v. Boyer*, 1985-NMCA-029, ¶ 24, 103 N.M. 655, 712 P.2d 1. [Defendant's MIO 1]

{3}    First, Defendant contends that the district court abused its discretion in revoking his probation because there was insufficient evidence of a violation. [Defendant's MIO 3-4] Defendant does not dispute that he admitted to his probation officer that he had used drugs while on probation. [Defendant's MIO 2; State's MIO 2-4; RP 148 (from Case No. D-202-CR-2007-04508)] It also appears that a chemist testified that Defendant's urine test suggested that he had ingested methamphetamine two or three days before submitting the sample, given the low level of amphetamine in his sample. [Defendant's MIO 2] We are persuaded that the State met its burden to "introduce evidence that a reasonable and impartial mind would be inclined to conclude that the

2

defendant has violated the terms of probation." *State v. Leon*, 2013-NMCA-011, ¶ 36, 292 P.3d 493. Thereafter, the burden shifted to Defendant to "come forward with evidence to excuse non-compliance." *Id.* (internal quotation marks and citation omitted). Because there is an absence of sufficient evidence excusing non-compliance, we are not persuaded that the district court abused its discretion by revoking Defendant's probation. On these grounds, we affirm the district court's revocation of Defendant's probation.

**{4}** Defendant also argues that he was denied the effective assistance of counsel when his trial counsel did not permit him to testify. [Defendant's MIO 4-8] Our second notice pointed out that Defendant's arguments lack an explanation as to why the facts in the record show a prima facie case for this claim. We explained that there is no indication on the record that Defendant wanted to testify, but was counseled to the contrary. Nor was there any explanation in the record for why counsel advised against testifying. Defendant's response to our notice does not provide this Court with any of the information we stated was lacking for a prima facie showing of ineffective assistance of counsel. "If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition, although an appellate court may remand a case for an evidentiary hearing if the defendant makes a prima facie case of ineffective assistance." *State v.*

*Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. In the absence of sufficient information, Defendant has not established a prima facie case of ineffective assistance of counsel. Defendant may pursue his claim, however, in habeas proceedings. *See id.*

{5}     Lastly, we observe that our second notice instructed the Appellate Public Defender to take steps to comply with our holding in *State v. Jones*, 1994-NMCA-045, 119 N.M. 53, 888 P.2d 935 (holding in cases of apparent conflict of interest on direct appeal, the Appellate Public Defender must either (a) file a waiver of the conflict, (b) make a showing of no conflict, or (c) move to withdraw and allow outside counsel to enter an appearance). The Appellate Public Defender has informed this Court that Defendant's counsel at the probation proceeding was not employed as a public defender at that time. We appreciate counsel's compliance with our request.

{6}     For the reasons stated in our second notice and in this opinion, we affirm the district court's revocation of Defendant's probation.

{7}     **IT IS SO ORDERED.**

_____
**TIMOTHY L. GARCIA, Judge**

**WE CONCUR:**

_____
**JAMES J. WECHSLER, Judge**

4

_____

**LINDA M. VANZI, Judge**