513 P.2d 187

**STATE of New Mexico, Plaintiff-Appellee,**

v.

**Elmo Dean DRESSEL, Defendant-Appellant.**

**No. 996.**

Court of Appeals of New Mexico.

July 25, 1973.

Fred Tharp, Jr., Public Defender, Clovis, Charles H. Sandhouse, Sterling, Colo., for defendant-appellant.

David L. Norvell, Atty. Gen., Jane E. Pendleton, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

OPINION

LOPEZ, Judge.

Defendant was charged with fraud pursuant to § 40A–16–6, N.M.S.A. 1953 (2d Repl.Vol. 6) and conspiracy to commit fraud pursuant to § 40A–28–2, N.M.S.A. 1953 (2d Repl.Vol. 6). An alleged co-conspirator, Mary Lou Ward, was charged only with conspiracy. Prior to trial Mary Lou Ward died. At trial the state abandoned the fraud count and proceeded solely on the conspiracy theory. From judgment and sentence against him, defendant raises four points for reversal. In view of our disposition of this case, we need only consider the sufficiency of the evidence of conspiracy.

That defendant was engaged in wrongdoing is beyond question. He picked up a quantity of grain in Muleshoe, Texas, and when he delivered it in two truckloads for sale in Portales, New Mexico, its weight had increased considerably. Defendant was under surveillance at all times

and did not make any additions to his load. He actually delivered less grain than his weight tickets indicated.

■ Defendant was not tried for this scheme, however. The sole question presented is the sufficiency of the evidence of conspiracy. It takes at least two persons to effect a conspiracy. State v. Verdugo, 79 N.M. 765, 449 P.2d 781 (1969); State v. Deaton, 74 N.M. 87, 390 P.2d 966 (1964). The essence of a conspiracy is a common design or agreement to accomplish an unlawful purpose or a lawful purpose by unlawful means. Territory v. Leslie, 15 N.M. 240, 106 P. 378 (1910). Thus, unless Mary Lou can be connected to defendant's scheme in connection with the weight of the grain, the case against defendant must fail.

■ Conspiracy is seldom susceptible of direct proof and is usually established by inference from the conduct of the parties. Oliver v. United States, 121 F.2d 245 (10th Cir. 1941), cert. denied, 314 U.S. 666, 62 S.Ct. 124, 86 L.Ed. 533 (1941). A formal agreement need not be proved; a mutually implied understanding is sufficient to establish the conspiracy. State v. Deaton, supra. The court in Van Huss v. United States, 197 F.2d 120 (10th Cir. 1952), indicated one way in which the design may be inferred when it stated:

"... Thus, the narrow question here, is whether the evidence developed a course of conduct or other relevant facts, from which the jury could infer beyond doubt that appellant knew of the conspiracy to transport stolen cars in interstate commerce, and with such knowledge actively contributed his efforts toward effecting the unlawful enterprise."

Our Supreme Court apparently agrees with this formulation. In State v. Deaton, supra, the court stated:

"Viewing the evidence, as we must, in its most favorable aspect in support of the verdict, State v. Romero, 67 N.M. 82, 352 P.2d 781, we conclude that the evidence was sufficient to warrant the finding by the jury that the appellant not only had knowledge of the conspiracy but that he cooperated therein in such a manner as to become an essential part of it. ..."

The state relies on the following evidence as supportive of the inference of common criminal design:

(1) Defendant and Mary Lou were together around midnight at Cook's Truck Stop in Clovis where the two grain trucks were parked prior to the trip to Portales.

(2) Defendant drove one of the grain trucks to Portales and parked it. Mary Lou followed in her car and gave defendant a ride back to Clovis. Defendant then drove the second grain truck to Portales. Mary Lou did not follow defendant on this trip.

(3) Defendant had the check in payment of the grain issued to Mary Lou. The check was in defendant's shoe when he was arrested.

(4) At some unidentified time defendant was with Mary Lou at her apartment in Clovis. The two were together when arrested.

■ Assuming these facts indicate that Mary Lou cooperated with defendant in such a way as to further his scheme, they are nevertheless insufficient. One does not become a party to a conspiracy by aiding and abetting it unless one knows of the conspiracy. Van Huss v. United States, supra. There is no evidence that Mary Lou had any knowledge whatsoever of defendant's scheme. Although she was present with him while he was effectuating his scheme, there is nothing to suggest that she was or should have been aware of it.

The court in *Van Huss* also indicates that prolonged and interested cooperation indicating a stake in the venture may serve as the basis for an inference of criminal design. Mary Lou's cooperation was neither prolonged nor interested. The first time the evidence places Mary Lou and the defendant together is midnight of the night in question. She only followed him on the first trip. The fact that the check was made out in Mary Lou's name does not in-

dicate common design. It was always in the defendant's possession.

There being no substantial evidence allowing an inference of confederacy between Mary Lou and defendant, the conviction for conspiracy cannot stand. Accordingly, the judgment is reversed and the case remanded with instructions to discharge the defendant.

It is so ordered.

WOOD, C. J., and HENDLEY, J., concur.