628 P.2d 320

**STATE of New Mexico,**
**Plaintiff-Appellee,**

v.

**William E. SHEETS,**
**Defendant-Appellant.**

**No. 4867.**

Court of Appeals of New Mexico.

March 24, 1981.

Certiorari in Supreme Court
Granted April 29, 1981.
Writ Quashed May 18, 1981.
Quashed May 18, 1981.

Michael E. Vigil, Romero & Vigil, P. A., Albuquerque, for defendant-appellant.

Jeff Bingaman, Atty. Gen., Clare E. Mancini, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

## OPINION

WOOD, Judge.

McGee sought to hire Ortiz, an undercover police detective, to murder defendant's wife and to murder William Valentine. McGee and defendant were jointly indicted for conspiracy and attempt in the matter involving defendant's wife. In addition, McGee was charged with attempted murder in the matter involving Valentine. McGee's convictions on these charges were affirmed in *State v. McGee*, N.M., 621 P.2d 1129 (Ct.App.1980). Defendant was convicted of the two charges against him. The dispositive issue in defendant's appeal involves the sufficiency of the evidence. None of the other issues raised by defendant are identified because they do not amount to reversible error. We discuss: (1) admissibility of Ortiz's testimony under the co-conspirator rule, and (2) sufficiency of the evidence to support a finding of guilt beyond a reasonable doubt under *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). We reverse the convictions under both of the issues discussed.

The evidentiary problems arise because there is no direct evidence that defendant was in any way involved in McGee's scheme to have defendant's wife killed. There is evidence that defendant's wife had an accidental death insurance policy, that defendant was the beneficiary of the policy, and that defendant knew of the existence of the policy. There is evidence that defendant had not worked for about a year, and an inference that defendant needed money. There is evidence that McGee and defendant were friends, that McGee owed defendant $5,000, and that McGee was a visitor at defendant's home. None of this evidence connects defendant with McGee's scheme and, without more, was not relevant because the evidence recited in this paragraph did not tend to make defendant's participation in McGee's scheme more probable or less probable. Evidence Rule 401. Compare *People v. Leach*, 15 Cal.3d 419, 124 Cal.Rptr. 752, 541 P.2d 296 (1975). The State contends that the evidence recited in this paragraph, when considered with certain additional evidence, was sufficient under both issues. This additional evidence is set out in the two issues discussed.

*Co-Conspirator Rule*

Ortiz was permitted to testify as to four items involving McGee. Those items are:

1. McGee told Ortiz the killing of defendant's wife must be "accidental" and told Ortiz of the wife's route of travel and time of travel to and from work and evening classes.

2. McGee furnished Ortiz photographs of defendant's wife and her car.

3. Inasmuch as Ortiz was to be paid for the killings out of the insurance proceeds, Ortiz asked McGee for proof that there was insurance. According to Ortiz, McGee stated he would have the proof of the insurance on defendant's wife's the next day, used the telephone to dial a number unknown to Ortiz, and said into the telephone: " 'William I'm going to need that book on the insurance since this a kinda screwy deal' ", and after a pause, " 'O.K. Bill, 8 o'clock, see ya.' "

4. The following day, McGee gave Ortiz a copy of a payroll stub for defendant's wife showing a deduction for accidental death insurance.

The foregoing testimony by Ortiz, ordinarily, would be inadmissible hearsay as to defendant. The State's contention is that this testimony was not hearsay under the co-conspirator rule. That rule, Evidence Rule 801(d)(2)(E) is:

(d) * * * A statement is not hearsay if:

* * * * * *

(2) * * * The statement is offered against a party and is * * * (E) a statement by a coconspirator of a party during the course and in furtherance of the conspiracy.

The question of whether the above four items were admissible has two parts: (a) whether the four items were statements, and (b) if so, whether there was evidence of a conspiracy apart from the statements.

Items 1 and 3 of Ortiz's testimony went to out-of-court remarks by McGee; items 2 and 4 were acts of McGee. In *State v. Armijo*, 90 N.M. 12, 558 P.2d 1151 (Ct.App. 1976), we cited New Mexico decisions that included both acts and statements in the co-conspirator rule. In *State v. Jacobs*, 91 N.M. 445, 575 P.2d 954 (Ct.App.1978), we pointed out that the United States Supreme Court had distinguished between acts and statements, and had held that the co-conspirator rule did not apply to acts. Defendant suggests this distinction is not applicable under our Rules of Evidence; we agree.

Rule of Evidence 801(a) provides: "A 'statement' is (1) an oral or written assertion or (2) nonverbal conduct of a person, if it is intended by him as an assertion." Items 2 and 4—furnishing the photographs and the payroll stub—were non-verbal conduct intended to show the identity of defendant's wife and the existence of insurance and, thus, intended as assertions. These acts came within the definition of "statement" and were subject to the co-conspirator rule.

Each of the four items being "statements", these items were not admissible unless there was prima facie proof of conspiracy independent of these four items. *State v. Jacobs, supra; State v. Armijo, supra.*

Prima facie proof of the conspiracy independent of McGee's "statements" is lacking. Once the "statements" are eliminated, there is nothing that permits an inference of a conspiracy between McGee and defendant. See *United States v. Stroupe*, 538 F.2d 1063 (4th Cir. 1976); *United States v. Oliva*, 497 F.2d 130 (5th Cir. 1974). Lacking this proof, McGee's "statements" were not admissible; the trial court erred in admitting McGee's "statements".

## Sufficiency of the Evidence Under Jackson v. Virginia

Defendant would be entitled to a new trial because McGee's statements were improperly admitted. However, even if McGee's statements were properly admitted, there is an issue as to the sufficiency of the evidence under R.Crim.Proc. 40. See *State v. Herrera*, 90 N.M. 306, 563 P.2d 100 (Ct.App.1977). The issue is whether there is sufficient evidence to justify a rational trier of fact to find guilt beyond a reasonable doubt. *State v. Carter*, 93 N.M. 500, 601 P.2d 733 (Ct.App.1979).

*Jackson v. Virginia, supra*, explains:

[T]he critical inquiry on review of the sufficiency of the evidence to support a criminal conviction must be not simply to determine whether the jury was properly instructed, but to determine whether the record evidence could reasonably support a finding of guilt beyond a reasonable doubt. But this inquiry does not require a court to "ask itself whether *it* believes that the evidence at the trial established guilt beyond a reasonable doubt." *Woodby v. INS*, 385 U.S. [276] at 282 [87 S.Ct. 483 at 486, 17 L.Ed.2d 362] (emphasis added). Instead, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. See *Johnson v. Louisiana,* 406 U.S., [356] at 362 [92 S.Ct. 1620, at 1624, 32 L.Ed.2d 152]. This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. Once a defendant has been found guilty of the crime charged, the factfinder's role as weigher of the evidence is preserved through a legal conclusion that upon judicial review *all of the evidence* is to be considered in the light most favorable to the prosecution. The criterion thus impinges upon "jury" discretion only to the extent necessary to guarantee the fundamental protection of due process of law. (Emphasis in original.)

Before considering "all of the evidence" as required by *Jackson v. Virginia, supra,* we point out that defendant's conviction for attempted first degree murder is, at most, a derivative liability which depends on the conviction for conspiracy to commit first degree murder. *State v. Armijo,* 90 N.M. 10, 558 P.2d 1149 (Ct.App.1976). If there is insufficient evidence to sustain the conspiracy conviction, the evidence is insufficient to sustain the attempt conviction.

The conspiracy conviction rests entirely upon circumstantial evidence; the question is whether the circumstances, shown by all of the evidence, are sufficient for a rational trier of fact to convict. See *State v. Dressel,* 85 N.M. 450, 513 P.2d 187 (Ct.App.1973).

*State v. Thoreen,* 91 N.M. 624, 578 P.2d 325 (Ct.App.1978) states:

A conspiracy is a common design or agreement to accomplish an unlawful purpose or a lawful purpose by unlawful means. One cannot be a party to a conspiracy unless one knows of the conspiracy.

*State v. Dressel* states:

Conspiracy is seldom susceptible of direct proof and is usually established by inference from the conduct of the parties. * * * A formal agreement need not be proved; a mutually implied understanding is sufficient to establish the conspiracy.

Ortiz admitted that McGee, at no time, referred to or implicated the defendant. The portion of McGee's statement, in evidence, exculpates the defendant. What then is left that inculpates defendant? Are the statements previously identified in discussing the co-conspirator rule sufficient to prove a mutually implied understanding between McGee and defendant, and to prove that defendant had knowledge of McGee's scheme? No.

The strongest item to show a conspiracy would be an inference that defendant furnished the photographs and the copy of the payroll stub to McGee. However, inferences from other evidence—independent of the testimony of both McGee and defendant, and independent of the conflicting statements of defendant's wife—were that the photographs and the original of the payroll stub were on a table in defendant's home, as both McGee and defendant claimed. It is undisputed that McGee was a visitor to defendant's home, and items on the table were available to McGee during those visits. McGee would know that the insurance policy covered an accident from the contents of the payroll stub.

The information that McGee furnished Ortiz, as to the wife's route of travel, was inaccurate.

The use of "William" and "Bill" in the so-called telephone conversation testified to by Ortiz is as consistent with William Valentine (another McGee "victim") as it is with defendant. McGee said the telephone call was a fake, that he called "Time and Temperature". Defendant denied receiving a telephone call from McGee during the time when the telephone call could have been made; Valentine also denied receiving such a call. There is no evidence that McGee saw the defendant at 8:00 o'clock or any other time during the evening of the day the purported telephone call was made.

The evidence of McGee's statements, if properly admitted, raised a suspicion that defendant was somehow involved with McGee, but that evidence falls short of permitting a rational juror to be satisfied of guilt beyond a reasonable doubt when all of the evidence is considered. U.J.I.Crim. 40.-60 defines reasonable doubt as a "doubt that would make a reasonable person hesitate to act in the graver and more important affairs of life." The evidence in this case, even if properly admitted, was insufficient to sustain the conspiracy conviction and, thus, both convictions are reversed for insufficient evidence. Compare *State v. Campos,* 79 N.M. 611, 447 P.2d 20 (1968); *State v. Seal,* 75 N.M. 608, 409 P.2d 128 (1965); *State v. Dressel, supra; Morris v. Dodge Country, Inc.,* 85 N.M. 491, 513 P.2d 1273 (Ct.App.1973). Compare the evidence unworthy of the degree of belief necessary for a voluntary waiver in *State v. Bramlett,* 94 N.M. 263, 609 P.2d 345 (Ct.App.1980). See *United States v. Moss,* 591 F.2d 428 (8th Cir. 1979); *United States v. Brown,* 584 F.2d 252 (8th Cir. 1978).

The judgment and sentences are reversed. The cause is remanded with instructions to discharge defendant.

IT IS SO ORDERED.

HENDLEY and LOPEZ, JJ., concur.