679 P.2d 1288

**STATE of New Mexico,
Plaintiff-Appellee,**

v.

**Albert George BEJAR,
Defendant-Appellant.**

No. 7503.

Court of Appeals of New Mexico.

March 29, 1984.

Certiorari Denied April 25, 1984.

Paul Bardacke, Atty. Gen., William McEuen, Asst. Atty. Gen., Santa Fe, for plaintiff-appellee.

Vince D'Angelo, Albuquerque, for defendant-appellant.

## OPINION

HENDLEY, Judge.

Convicted of possession of heroin with intent to distribute contrary to NMSA 1978, Section 30–31–20(A)(3) (Repl.Pamp. 1980), defendant appeals. The sole issue on appeal is sufficiency of the evidence. Issues raised in the docketing statement and not briefed on appeal are deemed abandoned.

Officers went to defendant's home to serve a search warrant. They knocked on the front door and announced their presence. They heard movement inside the house and "scurrying" activity. They forced the door open. Defendant was pulled from the bathroom with his left arm wet almost to the shoulder. The toilet was flushing. Also present at the residence at the time of the search were two women who, according to the testimony of one officer, were known users of narcotics.

On the floor near a table, the police found a syringe containing a liquid. On the table they found an open knife, a small bottle with cotton inside, pieces of balloon, two foil packets inside a plastic bag, a small measuring spoon containing liquid, a bottle cap, a box with pieces of foil, and $278.00. In a plastic bucket in the bedroom, a "cooker" (bottle cap) was found. Also found in the bedroom, in the dresser, were two gram scales. A small set of counterbalance scales was found in the living room. Open packages of balloons were

also found in the bedroom and in the kitchen.

The chemist testified that the two foil packets contained approximately thirty to forty milligrams of heroin which were 2.2% pure. He also testified that the two bottle caps contained a residue of heroin.

Police Officer Boyle testified to the following: Foil is the most common way to package heroin for sale. ·The foil is cut into two-inch squares and the heroin wrapped in packets of approximately one-half by one-quarter of an inch. Gram scales are used by dealers and are common in heroin trade. Packets of heroin are usually one-half to one-quarter of a gram. Balloons are used to keep the heroin packets. The packets are placed in the balloons and tied off so that they are easily disposable.

At the time of the arrest of defendant, one gram of heroin in the area was selling for approximately $125.00. One-quarter of a gram of heroin was selling for about $25.00 to $40.00.

■ To prove possession with intent to distribute, specific intent must be shown. *State v. Gonzales*, 86 N.M. 556, 525 P.2d 916 (Ct.App.1974), *overruled on other grounds State v. Bender*, 91 N.M. 670, 579 P.2d 796 (1978); NMSA 1978, UJI Crim. 36.11 (Repl.Pamp.1982). The fact of intent to distribute can be shown through factual and circumstantial evidence. *See State v. Quintana*, 87 N.M. 414, 534 P.2d 1126 (Ct. App.1975); *State v. Bowers*, 87 N.M. 74, 529 P.2d 300 (Ct.App.1974); *State v. Ortega*, 79 N.M. 707, 448 P.2d 813 (Ct.App. 1968).

■ Defendant argues that because of the small quantity of drugs recovered, and its low grade, together with the fact that personal use was indicated from the recovered paraphernalia, under the case law of New Mexico possession with intent to distribute was not demonstrated. Defendant further argues that the evidence is insufficient because nothing indicated that defendant intended to distribute the heroin of which he was found to be in possession.

In reviewing sufficiency of the evidence, the appellate court draws all reasonable inferences from the facts which support the verdict. *State v. Lankford*, 92 N.M. 1, 582 P.2d 378 (1978); *State v. Sheets*, 96 N.M. 75, 628 P.2d 320 (Ct.App.1981). The question in this case is whether the evidence of a small amount of heroin, together with the inference that more was flushed down the toilet, coupled with the presence of three sets of scales which could be used for weighing heroin, packages of balloons, cash, tinfoil, and items for personal use (syringe and "cookers"), is enough evidence to support the charge.

Resolution of this question rests on the determination of whether these facts are inconsistent with personal use of heroin. *See State v. Cortez*, 100 N.M. 158, 667 P.2d 963 (1983), *adopting Wood, J., dissent* 99 N.M. 727, 663 P.2d 703 (Ct.App.1982).

In New Mexico, possession of a large quantity of contraband has been found to be enough to allow the inference that defendant intended to distribute the controlled substance. *State v. Bowers* (246.15 pounds of marijuana). Possession of thirty "caps" of heroin, coupled with the fact that defendant was not a user, was found to be sufficient evidence of trafficking in heroin in *State v. Quintana*.

The facts of *Hudson v. State*, 154 Ga. App. 594, 269 S.E.2d 89 (1980), are similar to those of the instant case. In that case, the police kicked open the door and saw the defendant emerging from the bathroom with wet arms. A green, leafy substance was found in the toilet and on defendant's wet arms and a towel. The search revealed twenty-four manila envelopes containing residue of marijuana, baggies, and between one-quarter and one-half of an ounce of marijuana. Numerous manila envelopes were found in the trunk of the car. The court ruled that the record contained evidence of intent to distribute. Similarly, in *State v. Roseboro*, 55 N.C.App. 205, 284 S.E.2d 725 (1981), *appeal dismissed* 304 N.C. 155, 289 S.E.2d 566 (1982), although only .35 grams of cocaine were recovered, the court ruled that the evidence was suffi-

cient to make a case for possession with intent to sell because of the packaging used and the existence of paraphernalia used to measure and package. In *State v. Turner*, 192 Neb. 397, 222 N.W.2d 105 (1974), *aff'd* 194 Neb. 252, 231 N.W.2d 345 (1975), although the court held that the heroin seized was consistent with personal use (fifteen packets), the evidence was found to be sufficient to uphold a distribution charge because of the other packaging paraphernalia seized (cutting agent, 1,000 staples, 13 envelopes, stapler, strainer, scissors, small measuring utensils and 431 tinfoil squares).

In only one case were facts discussed in which none of the flushed substance was retrieved, *United States v. Thomas*, 345 F.2d 431 (7th Cir.1965). In that case, defendant objected to the prosecutor's final argument that the jury could infer from evidence that, after slamming the door in the arresting officer's face and then flushing the toilet, defendant had disposed of his supply of narcotics. The trial court ruled that, since this statement in the prosecution's closing was reasonably inferred from the facts, it was not error.

 A similar inference could be drawn in this case. "[A] permissible inference must reasonably be based upon facts established in evidence and not upon mere conjecture or other inferences." *Tapia v. Panhandle Steel Erectors Company*, 78 N.M. 86, 428 P.2d 625 (1967). The facts in evidence in this case are defendant's presence in the bathroom with a wet arm and the sound of a flushing toilet. Expert testimony and case law reveal that flushing drugs down the toilet is a common way to dispose of contraband. *State v. Anaya*, 89 N.M. 302, 551 P.2d 992 (Ct.App.1976). Further, possession of the flushed drugs can be attributed to the party flushing the toilet. *Anaya*. The question remains whether it is a reasonable inference that the defendant flushed heroin down the toilet and not some other incriminating material. *See Bendorf v. Volkswagenwerk Aktiengeselischaft*, 90 N.M. 414, 564 P.2d 619 (Ct. App.1977). In light of the fact that two packages of balloons were found in the house and one expert testified that balloons are used for packaging heroin and, additionally, the other paraphernalia for personal use of heroin was found in the house, we think that a reasonable inference can be drawn that defendant flushed *heroin* down the toilet. Circumstantial evidence is sufficient to establish the corpus delicti of a crime. *State v. Paris*, 76 N.M. 291, 414 P.2d 512 (1966).

Based on the cases of *Hudson*, *Roseboro* and *Turner*, we hold that, although the amount of heroin was small, the other evidence seized is sufficient to support the possession with intent to distribute.

Affirmed.

**IT IS SO ORDERED.**

NEAL and ALARID, JJ., concur.