IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

STATE OF NEW MEXICO,

Plaintiff-Appellee,

v.                                                                      NO. 27,166

RUBEN LARA,

Defendant-Appellant.

APPEAL FROM THE DISTRICT COURT OF LEA COUNTY
Don Maddox, District Judge

Gary K. King, Attorney General
Nicole Beder, Assistant Attorney General
Santa Fe, NM

for Appellee

Hugh W. Dangler, Chief Public Defender
Eleanor Brogan, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

Defendant Ruben Lara appeals his convictions of one count of trafficking a controlled substance (cocaine) and possession of drug paraphernalia and two counts of possession of a controlled substance (methamphetamine and marijuana). He

contends that (1) the district court erred in admitting as evidence the report of a Department of Public Safety forensic crime laboratory (Crime Lab) and violated his constitutional right to confront the forensic chemist who prepared the report, (2) the district court erred in admitting State's Exhibits 6 and 7 because the State failed to establish a proper chain of custody, and (3) there was not sufficient evidence to support his convictions for trafficking cocaine and possession of methamphetamine and marijuana. We affirm.

**FORENSIC CHEMIST'S REPORT**

At trial, Eric Young, a forensic chemist at the Crime Lab, testified about the report prepared by another forensic chemist at the Crime Lab, Danielle Elenbaas. Mr. Young testified that Ms. Elenbaas concluded that the substances she tested were cocaine. Defendant objected to, and moved to strike, Mr. Young's testimony on the basis that he did not have the knowledge to establish a foundation for an exception to the hearsay rule for a business record. Defendant also objected that Mr. Young could not testify concerning Ms. Elenbaas' analysis because he did not have knowledge of Defendant's case before testifying.

Defendant argues on appeal that the district court erred in admitting the report of Ms. Elenbaas because it was hearsay. He further argues that Mr. Young's

testimony violated his Sixth Amendment right to confront Ms. Elenbaas. We have underlying questions about both arguments. As to the first, there is no indication in the record that the report was admitted into evidence. As to the second, Defendant did not clearly raise a confrontation issue in the district court.

Regardless, our opinion in *State v. Delgado*, 2009-NMCA-___, ___ N.M. ___, ___ P.3d ___ (No. 27,192, May 14, 2009), controls Defendant's arguments on the merits. In *Delgado*, in circumstances essentially identical to those in this case, we held that a Crime Lab report was admissible as either a business record or a public record exception to the hearsay rule. *Id.* ¶ 12. We also held that the absence of the forensic chemist who conducted the analysis and prepared the report did not violate constitutional confrontation requirements. *Id.* ¶ 18. On the basis of the record in this case as well as *Delgado*, there was no error with regard to Mr. Young's testimony.

**CHAIN OF CUSTODY**

After Defendant's probation officer, Patty Shepard, observed Defendant with Cynthia Salas at Ms. Salas' home, in apparent violation of the conditions of both of their probations, she contacted the Hobbs police for assistance. The police conducted a pat down search of Defendant and found a glass crack pipe and $2100 cash. Ms. Shepard testified that when she asked Defendant if he was driving the Mitsubishi that

was parked in front of the house, Defendant said that he was. She then looked in the car and found two bags of a white powder-like substance in the center console. She also found Defendant's wallet in the car. Ms. Shepard called the Drug Task Force to come to the location. Agent John Martinez testified that when he arrived, Ms. Shepard gave him two bags. He performed a field test. Ms. Shepard and Agent Martinez also saw small bags of a white substance under the Chevrolet Impala parked in the driveway. Agent Martinez took custody of all the bags and submitted them to the Crime Lab.

Defendant argues that the district court erred in admitting Exhibits 6 and 7, purporting to be the bags containing a white powdery substance retrieved from the Mitsubishi. He contends that the State failed to prove a proper chain of custody. We review the admission of evidence for an abuse of discretion. *State v. Rubio*, 2002-NMCA-007, ¶ 16, 131 N.M. 479, 39 P.3d 144. Real or demonstrative evidence is admissible if it is identified either "visually or by establishing custody of the object from the time of seizure to the time it is offered into evidence." *Id.* (internal quotation marks and citation omitted). A preponderance of the evidence must demonstrate that the evidence "is what it purports to be." *Id.*

Defendant points to inconsistencies in the testimony of Ms. Shepard and Agent

4

Martinez to create a break in the chain of custody. Agent Martinez testified that when he arrived at Ms. Salas' residence, Ms. Shepard was standing behind the Mitsubishi and handed him the two plastic bags when he approached her. Ms. Shepard testified that she did not give the bags to anyone, but, instead, left them in the car. However, regardless of the inconsistency, the testimony is clear that Agent Martinez took custody of the bags, whether Ms. Shepard picked them out of the car and handed them to him, or whether he himself removed them from the car. There is no evidence that anyone tampered with the bags before Agent Martinez took possession of them. Defendant does not question the chain of custody from that point. The district court did not abuse its discretion in admitting Exhibits 6 and 7.

**SUFFICIENCY OF THE EVIDENCE**

Defendant also argues that the State did not present sufficient evidence to convict him of trafficking cocaine with intent to distribute and possession of methamphetamine and marijuana. In reviewing for sufficiency of the evidence, we "view the evidence in the light most favorable to the state, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict." *State v. Sutphin*, 107 N.M. 126, 131, 753 P.2d 1314, 1319 (1988). We determine "whether substantial evidence of either a direct or circumstantial nature exists to

support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *Id.*

**Trafficking Cocaine**

With regard to his conviction for trafficking cocaine with intent to distribute, Defendant argues that the evidence did not establish that he had possession of the cocaine that was in the car and that the circumstances did not establish trafficking. The charge required the State to prove that, on September 15, 2005, Defendant had cocaine in his possession, knowing and believing that it was cocaine, and intending to transfer it to another.

Because Defendant did not physically possess the cocaine, the district court instructed the jury on constructive possession that Defendant was in possession of the cocaine if "he knows where it is, and he exercises control over it." Defendant argues that the evidence did not show that he had possession of the cocaine because the evidence about the ownership of the Mitsubishi was conflicting. Indeed, Defendant denied ownership in his testimony. However, Ms. Shepard testified that Defendant told her that he was driving the Mitsubishi that day. Agent Martinez testified that he met with Defendant at the Hobbs Police Department after Defendant was taken into custody, and Defendant told him that all the drugs found outside the residence

6

belonged to him. Agent Jamie Moon of the Drug Task Force testified that in the past, he had seen Defendant drive the Mitsubishi in which the drugs were found. Defendant's wallet was in the car. Defendant testified, however, that he had driven the car a couple of times in the past, almost a year earlier, but he did not drive it that day. He said that he must have left his wallet in the car when he had driven it. He denied telling Ms. Shepard that he was driving the Mitsubishi that day. As to any admission of drug ownership, he said that he told Agent Martinez, "[i]f you want me to say that is mine, because you want me to say, is mine[,]" or words to that effect.

Despite Defendant's denials, the jury was entitled to weigh the evidence and disbelieve Defendant. *State v. Gurule*, 2004-NMCA-008, ¶ 38, 134 N.M. 804, 82 P.3d 975. It is not our job to "reweigh the evidence or substitute our judgment for that of the [trier of fact]." *State v. Montoya*, 2005-NMCA-078, ¶ 3, 137 N.M. 713, 114 P.2d 393. The State's evidence was sufficient to prove that Defendant possessed the cocaine in the Mitsubishi beyond a reasonable doubt.

As to intent to transfer the cocaine, Defendant contends that the "surrounding circumstances" were not sufficient to establish trafficking. He argues that the evidence was lacking because the prosecutor did not accurately question Agent Martinez when eliciting Agent Martinez's opinion as to whether the amounts of the

two bags would indicate personal use. Indeed, the prosecutor was not accurate in his questioning. He stated in his question that the testimony had been that Exhibit 6 weighed 5.23 grams and that Exhibit 7 weighed 7.73 grams. In fact, the testimony had been that Exhibit 7 weighed 3.73 grams. However, despite the inaccuracy in the weight, the other evidence was sufficient for the jury to conclude that Defendant did not possess the cocaine for personal use. According to Agent Martinez, the cocaine was not packed for individual use. He described personal use amounts as ranging from $20 to $100 in value. Even though he may have inaccurately understood the total value of the cocaine to be $1200, he did state that its value was up to $100 per gram, making the total value of the actual weight of 9.00 grams to be up to $900. Defendant also had in his possession close to $3000 in cash and 15.28 grams of methamphetamine and 2.8 grams of marijuana. *See State v. Bejar*, 101 N.M. 190, 191, 679 P.2d 1288, 1289 (Ct. App. 1984) (stating that "possession of a large quantity of contraband has been found to be enough to allow the inference that [the] defendant intended to distribute the controlled substance").

**Possession of Methamphetamine and Marijuana**

Similar to his argument about possession of the cocaine, Defendant argues that the evidence was insufficient to show that he was in possession of the

methamphetamine and marijuana found under the Chevrolet. The jury was instructed that the State was required to prove, beyond a reasonable doubt, that, on September 15, 2005, Defendant had methamphetamine in his possession, knowing or believing it to be methamphetamine, and that he had one ounce or less of marijuana in his possession, knowing or believing that it was marijuana. It was further instructed on constructive possession that Defendant had possession of a controlled substance if he knew where it was and exercised control over it.

Ms. Shepard and Agent Martinez found the methamphetamine and marijuana under the Chevrolet. Agent Martinez testified that Defendant "claimed ownership" of these substances. Defendant testified that he told Agent Martinez something to the effect of "[i]f you want me to say it's mine, then it's mine." The jury could have reasonably believed Agent Martinez and concluded that Defendant admitted possession of the substances. *See Montoya*, 2005-NMCA-078, ¶ 3. Sufficient evidence supports Defendant's conviction of possession of methamphetamine and marijuana.

**CONCLUSION**

We affirm Defendant's convictions.

**IT IS SO ORDERED.**

_____
**JAMES J. WECHSLER, Judge**

**WE CONCUR:**

_____
**CYNTHIA A. FRY, Chief Judge**

_____
**CELIA FOY CASTILLO, Judge**