This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO**,

     Plaintiff-Appellee,

v.                                                                          **NO.   30,837**

**ERIC MUNOZ**,

     Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF CHAVES COUNTY**
**Freddie J. Romero, District Judge**

Gary K. King, Attorney General
Santa Fe, NM

for Appellee

Chief Public Defender
Nina Lalevic, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**VIGIL, Judge.**

     Defendant appeals his convictions for aggravated battery, conspiracy to commit aggravated battery, and shooting at or from a motor vehicle. In this Court's notice of

proposed summary disposition, we proposed to affirm. Defendant has filed a motion to amend the docketing statement and a memorandum in opposition to this Court's proposed summary disposition, both of which we have duly considered. As we are not persuaded by Defendant's arguments, we deny the motion to amend and we affirm.

**Motion for a Mistrial**

Defendant contends that the district court erred in denying his motion for a mistrial after a witness commented that the police had tried to interview Defendant. [DS 6, 8] In this Court's notice of proposed summary disposition, we proposed to hold that the district court did not abuse its discretion in denying the motion because it appeared that the witness spontaneously made the statement, that the prosecutor did not directly ask any questions that a jury would naturally and necessarily have taken to be comments on Defendant's exercise of his right to remain silent, and that the prosecution did not attempt to take advantage of the witness's spontaneous statement by asking related questions or referring to Defendant's silence in closing argument. Under such circumstances, we have held that reversal is not warranted. *See State v. Wildgrube*, 2003-NMCA-108, ¶¶ 23-24, 134 N.M. 262, 75 P.3d 862 (holding that when a witness made an unsolicited comment regarding the defendant's post-*Miranda* silence and the prosecutor did not exploit the reference by asking related questions or referring to it in closing argument, reversal was not warranted); *State v. Baca*, 89 N.M.

2

204, 205, 549 P.2d 282, 283 (1976) (holding that reversal was not warranted when a witness made an isolated, unsolicited comment referring to the defendant's post-*Miranda* refusal to speak with the police).

Defendant's memorandum in opposition provides no new facts or authority that would persuade this Court that its proposed disposition was erroneous, instead arguing that the witness's statement "was clearly a significant factor in convicting" Defendant because Defendant testified at trial in a manner favorable to himself and the jury nevertheless found him guilty. [MIO 16] We are not persuaded that Defendant's view of the evidence warrants a departure from *Wildgrube* and *Baca*. Accordingly, we conclude that the district court did not abuse its discretion.

**Sufficiency of the Evidence of Conspiracy to Commit Aggravated Battery**

Defendant contends that there was insufficient evidence to support his conviction for conspiracy to commit aggravated battery. [DS 8] In our notice of proposed summary disposition, we proposed to hold that there was sufficient circumstantial evidence of a conspiracy. *See State v. Roper*, 2001-NMCA-093, ¶ 8, 131 N.M. 189, 34 P.3d 133 (stating that the agreement that constitutes the conspiracy "can be nothing more than a mutually implied understanding that can be proved by the cooperative actions of the participants involved."); *see also State v. Mead*, 100 N.M. 27, 30, 665 P.2d 289, 292 (Ct. App. 1983) (stating that conspiracy need not be proven by direct evidence of an agreement), *rev'd in part on other grounds sub nom. State v.*

*Segotta*, 100 N.M. 498, 499, 672 P.2d 1129, 1130 (1983); *State v. Dressel*, 85 N.M. 450, 451, 513 P.2d 187, 188 (Ct. App. 1973) (stating that conspiracy is seldom susceptible of direct proof and may be proven by inference from circumstantial evidence).

In Defendant's memorandum in opposition, he relies on the facts that are most favorable to himself and argues that no reasonable juror could determine that the evidence in this case supports a conviction for conspiracy to commit aggravated battery. [MIO 18-19] However, as Defendant acknowledges, this Court is required to view the evidence "in the light most favorable to the guilty verdict, indulging all reasonable inferences and resolving all conflicts in the evidence in favor of the verdict," *State v. Cunningham*, 2000-NMSC-009, ¶ 26, 128 N.M. 711, 998 P.2d 176, and a reviewing court is not required to consider evidence that may have supported a verdict to the contrary, *State v. Vigil*, 110 N.M. 254, 256, 794 P.2d 728, 730 (1990). Accordingly, we conclude that under this standard of review, the evidence was sufficient.

**Double Jeopardy**

Defendant contends that his convictions for aggravated battery and conspiracy to commit aggravated battery should have merged. [DS 8] In our notice of proposed summary disposition, we proposed to find no error. This Court has previously held that convictions of a substantive offense and a conspiracy to commit the substantive

4

offense do not violate double jeopardy. *State v. Smith*, 102 N.M. 512, 515, 697 P.2d 512, 515 (Ct. App. 1985) ("[D]ouble jeopardy is no defense to convictions for a substantive offense and a conspiracy to commit that offense."); *State v. Armijo*, 90 N.M. 12, 15-16, 558 P.2d 1151, 1154-55 (Ct. App. 1976). Defendant's memorandum in opposition addresses this issue only cursorily and acknowledges that *Smith* and *Armijo* are contrary to his position. [MIO 14] Accordingly, we conclude that Defendant's convictions did not violate double jeopardy.

**Ineffective Assistance of Counsel**

Defendant's memorandum states that he abandons the claim of ineffective assistance of counsel raised in his docketing statement. [MIO 19-20]

**Motion to Amend the Docketing Statement**

Defendant moves to amend the docketing statement to add an argument that his convictions for aggravated battery and shooting at or from a motor vehicle violate the constitutional prohibition against double jeopardy. [MIO 6-13] We deny Defendant's motion because the issue is not viable. *See State v. Sommer*, 118 N.M. 58, 60, 878 P.2d 1007, 1009 (Ct. App. 1994) (denying a motion to amend the docketing statement based on a conclusion that the motion and the argument offered in support of the motion were not viable). Defendant acknowledges that our Supreme Court has held that convictions for aggravated battery and shooting at or from a motor vehicle arising from unitary conduct does not violate the prohibition against double jeopardy. *See*

5

*State v. Dominguez*, 2005-NMSC-001, ¶¶ 17-21, 137 N.M. 1, 106 P.3d 563. Although Defendant argues that *Dominguez* was wrongly decided, he recognizes that this Court is bound by the decision. [MIO 9]

Therefore, for the reasons stated in this opinion and in our notice of proposed summary disposition, we affirm.

**IT IS SO ORDERED.**

_____

**MICHAEL E. VIGIL, Judge**

**WE CONCUR:**

_____

**MICHAEL D. BUSTAMANTE, Judge**

_____

**JAMES J. WECHSLER, Judge**