This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                                  **NO. 34,222**

**DANIEL ALDERETE,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Judith Nakamura, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Jorge A. Alvarado, Chief Public Defender
Kathleen T. Baldridge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

## MEMORANDUM OPINION

**WECHSLER, Judge.**

{1}     Defendant appeals from a jury verdict finding him guilty of trafficking a controlled substance (heroin) by possession with intent to distribute and possession of drug paraphernalia. [DS 3; RP 132, 134] This Court issued a calendar notice proposing to affirm. Defendant has filed a memorandum opposing this Court's proposed disposition, and has moved to amend his docketing statement. Having given due consideration to Defendant's arguments in opposition, we affirm. Moreover, Defendant's motion to amend his docketing statement is denied.

**Sufficiency of Evidence**

{2}     Defendant maintains that there is insufficient evidence to support his trafficking conviction. [MIO 3] Specifically, Defendant asserts that there was insufficient evidence of his intent to transfer heroin to another person. [MIO 9] In this Court's notice of proposed summary disposition, we pointed out that the State presented evidence that pursuant to a search warrant, police searched Defendant's home and found 21.5 grams of heroin on the living room coffee table along with a syringe. [CN 4; DS 3] The heroin, which was packaged in baggies, a syringe with heroin inside, and two digital scales were introduced into evidence. [CN 4; DS 4] Two police officers also testified that the amount of heroin was consistent with an amount for sale. [CN 5; DS 5]

**{3}** Thus, because knowledge and intent can be inferred, *State v. Motes*, 1994-NMSC-115, ¶ 11, 118 N.M. 727, 885 P.2d 648 (noting that because intent is subjective, it is rarely proved by direct evidence and is almost always inferred from other facts in the case); *State v. Montoya*, 1966-NMSC-224, ¶ 10, 77 N.M. 129, 419 P.2d 970 (recognizing that because knowledge "is personal in its nature and may not be susceptible of proof by direct evidence[,]" it may "be inferred from occurrences and circumstances"), there was sufficient evidence for the jury to conclude that Defendant possessed the requisite intent to transfer. *See State v. Bejar*, 1984-NMCA-031, ¶ 11, 101 N.M. 190, 679 P.2d 1288 ("In New Mexico, possession of a large quantity of contraband has been found to be enough to allow the inference that defendant intended to distribute the controlled substance.").

**Ineffective Assistance of Counsel (Failure to Present a Defense)**

**{4}** Defendant continues to argue that his trial counsel was ineffective by failing to call any witnesses in support of his defense that he did not have the requisite intent to transfer heroin. [MIO 8; DS 6]

**{5}** Defendant has the burden of establishing a prima facie case of ineffective assistance of counsel. *State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61. Defendant may only establish a prima facie case by showing that his counsel's performance fell below the performance of a reasonably competent attorney, and that

3

his counsel's deficient performance prejudiced him. *Patterson v. LeMaster*, 2001-NMSC-013, ¶ 17, 130 N.M. 179, 21 P.3d 1032. "We indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *State v. Dylan J.*, 2009-NMCA-027, ¶ 37, 145 N.M. 719, 204 P.3d 44 (internal quotation marks and citation omitted).

{6}     As we discussed in our notice of proposed disposition, Defendant has made no showing that even if he called his own witnesses to offer testimony regarding Defendant's addiction to heroin and the amount of heroin that Defendant would likely need for personal use, that such testimony would have affected the outcome at trial. *See Duncan v. Kerby*, 1993-NMSC-011, ¶¶ 10, 12, 115 N.M. 344, 851 P.2d 466 (stating that prejudice must be shown before a defendant is entitled to relief based on ineffective assistance of counsel); *see generally In re Ernesto M.*, 1996-NMCA-039, ¶ 10, 121 N.M. 562, 915 P.2d 318 ("An assertion of prejudice is not a showing of prejudice.").

{7}     Moreover, to the extent that these arguments may be based on information not contained in the record currently before this Court, we note that where information that is not of record may give rise to a claim of ineffective assistance of counsel, such

arguments are best raised in habeas corpus proceedings. *See State v. Roybal*, 2002-NMSC-027, ¶ 19, 132 N.M. 657, 54 P.3d 61 ("If facts necessary to a full determination are not part of the record, an ineffective assistance claim is more properly brought through a habeas corpus petition[.]").

**Speedy Trial and Ineffective Assistance of Counsel**

**{8}** Defendant continues to assert that his right to a speedy trial was violated. [MIO 11] Defendant has also moved this Court to amend his docketing statement pursuant to Rule 12-208(E) NMRA to add the issue that his trial counsel was ineffective for failing to file a substantive motion to dismiss for a speedy trial violation after signaling to the district court that he would do so. [MIO 1]

**{9}** We first address Defendant's continued contention that his constitutional right to a speedy trial was violated because trial did not commence until twenty-six months after he was indicted on the charges in the present case. [MIO 12] We explained in our notice of proposed disposition that "in order to preserve a speedy trial argument, [a d]efendant must properly raise it in the lower court and invoke a ruling." *State v. Lopez*, 2008-NMCA-002, ¶ 25, 143 N.M. 274, 175 P.3d 942. The filing of a motion demanding a speedy trial is insufficient to preserve the issue for appellate review. *State v. Olivas*, 2011-NMCA-030, ¶ 22, 149 N.M. 498, 252 P.3d 722. Defendant's memorandum in opposition does not state that a ruling was invoked below, and

acknowledges that this Court is precluded from reviewing this issue due to trial counsel's failure to invoke a ruling. [MIO 17] Accordingly, we conclude that the issue was not preserved for appellate review.

{10}    We turn next to Defendant's motion to amend the docketing statement for the reason that his counsel was ineffective for failing to file a substantive motion to dismiss for speedy trial violation. [MIO 11-17] However, Defendant acknowledges that his contention relies upon facts that were not adequately developed below by stating that "a substantive motion to dismiss for speedy trial violation *might* have been successful." [MIO 17 (emphasis added)] "Without an adequate record, an appellate court cannot determine that trial counsel provided constitutionally ineffective assistance." *State v. Crocco*, 2014-NMSC-016, ¶ 15, 327 P.3d 1068. The record before this Court contains no indication that trial counsel's failure to file a speedy trial motion was not a rational trial tactic and was prejudicial to the outcome of the proceedings. *Cf. id.* ¶ 24. Where evidence supporting an ineffective assistance of counsel claim is not contained in the record, "an ineffective assistance claim is more properly brought through a habeas corpus petition[.]" *Roybal*, 2002-NMSC-027, ¶ 19.

{11}    Given that Defendant has failed to demonstrate a viable appellate issue, his motion to amend the docketing statement is denied. *See State v. Sommer*, 1994-NMCA-070, ¶ 11, 118 N.M. 58, 878 P.2d 1007 (denying a motion to amend the

docketing statement based upon a determination that the argument sought to be raised was not viable). With respect to the issues raised in Defendant's original docketing statement and argued in his memorandum in opposition, we affirm for the reasons stated above and in this Court's notice of proposed disposition.

{12}    **IT IS SO ORDERED.**


_____
**JAMES J. WECHSLER, Judge**


**WE CONCUR:**


_____
**MICHAEL E. VIGIL, Chief Judge**


_____
**RODERICK T. KENNEDY, Judge**

7