This decision of the New Mexico Court of Appeals was not selected for publication in the New Mexico Appellate Reports.  Refer to Rule 12-405 NMRA for restrictions on the citation of unpublished decisions.  Electronic decisions may contain computer-generated errors or other deviations from the official version filed by the Court of Appeals.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**No. A-1-CA-38831**

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.

**EDUARDO C. MILLER,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF DOÑA ANA COUNTY**
**Conrad F. Perea, District Judge**

Hector H. Balderas, Attorney General
Maris Veidemanis, Assistant Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
Thomas J. Lewis, Assistant Appellate Defender
Santa Fe, NM

for Appellant

### MEMORANDUM OPINION

**HANISEE, Chief Judge.**

**{1}** Defendant Eduardo Miller appeals his conviction, following a jury trial, for one count of possession of heroin, contrary to NMSA 1978, Section 30-31-23(E) (2011, amended 2021). Defendant argues three claims: (1) the trial court improperly admitted field test results; (2) the trial court improperly admitted the alleged heroin with lab results confirming the identity of the substance; and (3) the conviction was not supported by substantial evidence. We affirm.

**DISCUSSION**

**I.      Field Test Result Admission**

**{2}**      Defendant was arrested on an outstanding municipal court warrant. While searching Defendant incident to arrest, an officer found a hypodermic needle and a folded receipt in Defendant's pocket. Inside the receipt, officers discovered what appeared to be "black tar" in a plastic baggie. Another officer conducted a field test on the substance, which indicated positive for heroin. The substance was collected for evidence, and a subsequent test by the state crime laboratory also yielded a positive result for heroin. Immediately before trial, Defendant made an oral motion in limine to prevent the officer who conducted the field test from testifying to the result without an adequate understanding of the scientific principles on which the field test was based, pursuant to *State v. McClennen*, 2008-NMCA-130, ¶ 12, 144 N.M. 878, 192 P.3d 1255, *overruled on other grounds by State v. Tollardo*, 2012-NMSC-008, ¶ 37 n.6, 275 P.3d 110. The district court permitted the officer to testify to the positive result for a controlled substance, but not that the result indicated heroin specifically. When the State elicited this testimony from the officer on the stand, Defendant did not renew his objection.

**{3}**      Both parties recognize Defendant's motion in limine failed to preserve his objection to the officer's testimony. *State v. Carillo*, 2017-NMSC-023, ¶¶ 22-23, 399 P.3d 367 ("By their very nature, motions in limine do not sufficiently preserve an issue because the rulings on them are subject to change, depending on the nature of the relevant evidence at trial."). Accordingly, we review the district court's admission of evidence for plain error. *See State v. Montoya*, 2015-NMSC-010, ¶ 46, 345 P.3d 1056 ("To find plain error, the Court must be convinced that admission of the testimony constituted an injustice that created grave doubts concerning the validity of the verdict." (internal quotation marks and citation omitted)).

**{4}**      Here, the admission of the officer's testimony does not rise to a level that creates a grave doubt as to the verdict because the jury also heard expert testimony that the substance tested positive for heroin in a laboratory. Indeed, the officer's limited testimony about the field test—which merely and only partially confirmed the lab test result—is wholly consistent with the additional expert testimony regarding the positive laboratory test. Given such consistency, we cannot conclude that admission of the officer's testimony constituted plain error.

**II.      Heroin and Lab Results Admission**

**{5}**      Defendant contends that the district court improperly admitted the heroin and lab results confirming the substance was, in fact, heroin as exhibits because of an insufficient chain of custody. At trial, the State established custody of the substance at issue from its collection at Defendant's arrest to the State's evidence room, from the evidence room to the State Lab, from the State Lab back to the evidence room, and from the evidence room to the district court for trial. Defendant identifies several discrepancies between the testimony of the officer who collected the alleged heroin and

the testimony of the State Lab technician who performed the lab test about the substance and its packaging. These include significant differences in weight, that it was contained in a wrapper or a baggy, an incorrect month for the offense on the lab report, and differing opinions as to whether the substance appeared black or dark brown. Defendant argues that the witnesses' testimony was insufficient to account for the item's identity at each step of the custodial chain, and the discrepancies suggest a breach in the chain of custody, which should have precluded its admission by the district court.

**{6}** "Admission of evidence is within the [district] court's discretion[,] and there is no abuse of that discretion when the evidence is shown by a preponderance of the evidence to be what it purports to be." *State v. Peters*, 1997-NMCA-084, ¶ 26, 123 N.M. 667, 944 P.2d 896.

> In order to admit real or demonstrative evidence, the evidence must be identified either visually or by establishing custody of the object from the time of seizure to the time it is offered into evidence. The [s]tate is not required to establish the chain of custody in sufficient detail to exclude all possibility of tampering. Questions concerning a possible gap in the chain of custody affects the weight of the evidence, not its admissibility.

*Id.* (citations omitted).

**{7}** The State demonstrated to a preponderance through officer testimony that the substance tested by the State Lab technician was the same substance collected from Defendant's person. Any flaws in the chain of custody or discrepancies in the witnesses' descriptions of the evidence were a matter of weight for the jury rather than an issue of admissibility. *See id.* In light of the fact that the jury was free to weigh the testimony regarding chain of custody, we conclude that the district court did not abuse its discretion in admitting the exhibit of the alleged heroin or the lab results confirming the substance was heroin.

### III. Substantial Evidence Supporting Verdict

**{8}** Defendant also asserts that his conviction was not supported by substantial evidence. In support, Defendant reiterates the aforementioned discrepancies in the chain of custody.

**{9}** The test for sufficiency of the evidence "is whether substantial evidence of either a direct or circumstantial nature exists to support a verdict of guilt beyond a reasonable doubt with respect to every element essential to a conviction." *State v. Sutphin*, 1988-NMSC-031, ¶ 21, 107 N.M. 126, 753 P.2d 1314. In reviewing the sufficiency of the evidence, we "view the evidence in the light most favorable to the state, resolving all conflicts therein and indulging all permissible inferences therefrom in favor of the verdict." *Id.* "Where . . . a jury verdict in a criminal case is supported by substantial evidence, the verdict will not be disturbed on appeal." *Id.* We disregard all evidence and

inferences that support a different result. *See State v. Rojo*, 1999-NMSC-001, ¶ 19, 126 N.M. 438, 971 P.2d 829.

**{10}** A conviction for possession of heroin requires three elements: Defendant had heroin in his possession, Defendant knew it was or believed it to be heroin, and it happened in New Mexico on or about the day alleged in the indictment. *See* § 30-31-23(E); UJI 14-3102 NMRA; *see also State v. Holt*, 2016-NMSC-011, ¶ 20, 368 P.3d 409 ("The jury instructions become the law of the case against which the sufficiency of the evidence is to be measured." (alterations, internal quotation marks, and citation omitted)). As to possession, officers testified that they found the substance in Defendant's pocket during his initial arrest. The State Lab technician testified that the substance tested positive for heroin. As stated, the State demonstrated by a preponderance of evidence that the substance offered at trial was what it purported to be: the same substance found on Defendant and tested by the State Lab. Where a jury has deemed the State's witnesses credible, we cannot now infer tampering or mistake. *See Rojo*, 1999-NMSC-001, ¶ 19. Moreover, knowing possession of a controlled substance may be inferred by circumstantial evidence, such as possession of drug paraphernalia. *See State v. Moncayo*, 2022-NMCA-067, ¶ 23, 521 P.3d 120; *State v. Wood*, 1994-NMCA-060, ¶ 14, 117 N.M. 682, 875 P.2d 1113. Here, the heroin was discovered with a hypodermic needle in Defendant's pocket. A reasonable inference can be drawn that Defendant had knowledge the substance was heroin because of its close proximity to a needle common to personal heroin use. *See State v. Bejar*, 1984-NMCA-031, ¶ 14, 101 N.M. 190, 679 P.2d 1288. Based on the record, we conclude the State presented sufficient evidence from which a rational jury could have found Defendant guilty of possession.

**CONCLUSION**

**{11}** For the above reasons, we affirm.

**{12}** **IT IS SO ORDERED.**

**J. MILES HANISEE, Chief Judge**

**WE CONCUR:**

**MEGAN P. DUFFY, Judge**

**GERALD E. BACA, Judge**